JAMES DE WITT ads. HENRY SWIFT and GEORGE W. WALDON.

An execution may be issued *forthwith* upon the entry of judgment in a suit commenced under the code of procedure.

The fees and disbursements in such a suit paid to the proper officers for oaths, to clerks, sheriffs, and other officers, which are given by 2 R. S. 634, § 20, may be properly charged and embraced in the judgment.

A judgment may be properly taken for the sum specified in the summons, *with the interest in addition thereto*, where the notice has thus been given.

A *demurrer* can only be adopted in the particular cases prescribed by the code of procedure. However defective the complaint may be, or however far short it may come of complying with any or all of the general rules of pleading laid down in the fifth chapter of the title "upon pleadings," the Defendant cannot *demur* unless the objection falls within one or more of the six grounds enumerated in the 122d section of the act.

Where a demurrer legitimately comes within this section (122d) the Plaintiff cannot treat it as a nullity, and enter judgment for want of an answer upon the ground that the demurrer was clearly frivolous. That question the Defendant has a right to submit to the court for its judgment.

Where the Defendant interposed a demurrer to the complaint, and assigned one ground of demurrer as follows : *the complaint does not state a sufficient cause of action against the Defendant;* held, that it was substantially the same, and equivalent to the ground stated in the 6th subdivision of the 122d section, and was a legitimate demurrer under the code.

That the statement of the objection in this general form might be all that could be done in a large class of cases.

An *answer* must be verified by *oath*, otherwise, it may be treated as a nullity in analogy to the case of pleas in abatement.

*Supreme Court, August 5th,* 1848.—*Motion to set aside a judgment and execution, and for such other relief as to the court may seem proper.*

L. FORD, *for the Defendant.*

C. TRACY, *for the Plaintiff.*

GRIDLEY, Justice.—This suit was commenced on the 6th day of July last, by the service of a summons, and copy of the complaint; and on the 17th of the same month, the Defendant's attorney interposed a demurrer, assigning the following as the grounds of objection to the complaint:

" 1st. The complaint does not state a sufficient cause of action against the Defendant.

" 2d. The complaint does not state the amount for which the Plaintiff will take judgment.

" 3d. The complaint and affidavit contain latin abbreviations, which are not ordinary language, and such as to enable a person of common understanding to know what is intended thereby."

The Plaintiff's attorney treated the demurrer as a nullity; and on the 29th day of July entered judgment for $150.87 damages, and $9.22 costs, and *forthwith* issued execution against the property of the Defendant.

Upon this state of facts, the counsel of the Defendant insists:—

*Firstly.* That the execution could not regularly be issued until the expiration of thirty days from the rendition of the judgment.

I am of the opinion, however, that the practice in this respect, was intentionally changed by the 238th section of the code. That section declares, that, " the party in whose favor judgment is given, may, *at any time,* within five years after the entry of judgment, proceed to enforce the same as prescribed by this title." This not only enlarges the time within which an execution may be issued without leave of the court, from two to five years, but takes away the *thirty days'* suspension of the right to issue it, in the first instance. Nor is this provision repealed, and the old rule restored by the 246th section. Such was not the intention of its framers. The section interprets itself, and clearly shows what class of " *existing provisions of law relating to executions and their incidents,*" was meant. The words of the section are satisfied without involving the repeal of a previous section in the same chapter.

*Secondly*. He also insists, that the judgment for costs is too much by $2.22 ; in other words, that the law does not warrant the recovery of disbursements as a part of the costs.

The 258th section abolishes " all statutes establishing or regulating the costs or fees of attorneys or counsel in civil actions;" and the 262d section establishes the new rates of compensation under the code in which, it is true, nothing is said of disbursements. But the 266th section provides that the clerk shall insert in the entry of judgment, &c., not only the costs to which the party would be entitled under the 262d section, but also, " the *necessary disbursements allowed by law.*" The disbursements here alluded to are given by the 20th section of the act " concerning the fees of certain officers," (2 R. S. 634,) which I do not understand to have been repealed by the 258th section of the code of procedure, as is the 18th section of the same act, which prescribes the fees of attorneys. The fees paid to the proper officers for oaths to clerks, and sheriffs, and other officers, for their fees, are *disbursements allowed by law*, and are therefore properly embraced in the judgment.

*Thirdly*. It is also objected, that the Plaintiffs could not properly take judgment for the sum specified in the summons, *with the interest in addition thereto.*

The summons must, by the 108th section of the code, contain a notice that the Plaintiff will " *take judgment for a sum specified therein*," and it is said that a notice that a Plaintiff will take judgment for a given sum, with *interest thereon from a given date*, is not in conformity to the act. It is argued that such a construction would involve in some cases a question of law as to the rate of interest, and in others, difficult and complicated questions as to the principles of computation. To this suggestion, it would seem to be a sufficient answer, that while the legal rate of interest is seven per cent. *that* would be the rate assumed, unless otherwise specified in the summons ; and that a notice that judgment will be taken for a *given sum*, with the interest thereon from a given day, leaves nothing to be done but the simple computation of the legal interest on the sum given, to the day when the judgment is entered. It will be impossible, in the great majority of instances, to specify the amount of the judgment, prospectively, because, it cannot be foreseen *when* the summons and complaint will be served, especially, where the Defendants are numerous. *Again*, it is a familiar principle that whatever may be *made certain* by computation is sufficiently certain to satisfy a legal averment. Under the old practice, the clerk must have assessed the damages ;—but now the party may compute interest for himself. If, however, he makes an erroneous

computation, and takes too large a judgment, the Defendant has in his own hands the means of correcting the error.

*Fourthly.* The next question is, whether the Plaintiffs were regular in treating the demurrer as a nullity.

By the 118th section of the code, all existing forms of pleading were abolished, and henceforth those only which have been established by that act are to be recognized as pleadings known to the law. The *demurrer* and the *answer*, therefore, are now the only forms of pleading which a Defendant can adopt—and the demurrer can only be adopted in the particular cases prescribed by the act. Its very nature and office have been essentially changed. Defects, which under the old practice were waived, unless pleaded in abatement, are now made the legitimate grounds of demurrer; and a multitude of other defects, which were once grave causes of demurrer, have lost their old and appropriate remedy, if indeed they are regarded as imperfections at all. It follows from these remarks that however defective the complaint may be, or however far short it may come of complying with any or all of the general rules of pleading laid down in the fifth chapter of the title " upon pleadings;" the Defendant cannot *demur*, unless the objection falls within one or more of the six grounds enumerated in the 122d section of the act. There is no provision for a demurrer in any other case ; and therefore the demurrer in this case cannot be sustained, except for the cause assigned in the first special ground of objection mentioned in it. That is substantially the same, and is equivalent to the ground stated in the 6th sub-division of the 122d section, and makes the pleading in question a legitimate demurrer under the code. If it be a demurrer within the provisions of this section, so far as this motion is concerned, it is not material that it should have been well taken—it may have been frivolous : for there is no law for treating even a frivolous demurrer as a nullity. The party must put it on the calendar and move it as frivolous in order to get rid of it. The Plaintiff, therefore, was not justified in *disregarding the demurrer*, and in entering judgment for the want of an answer, upon the ground that the demurrer was clearly frivolous. That question the Defendant had a right to submit to the court for its judgment.

But the 123d section declares that " *the demurrer shall distinctly specify the grounds of objection to the complaint: and that unless it does so it may be disregarded.*" One of the grounds of objection enumerated in the summary of causes for which a demurrer will lie, is, *that " the complaint does not state facts sufficient to constitute a cause of action.*" I have already said that the first cause assigned by the demurrer under consideration, is equivalent to a statement of this particular *objection*. It distinctly

points out *this* as the objection to the complaint which the Defendant relies upon as contradistinguished from the other grounds stated in the 122d section.  It is argued, however, that the Defendant should have gone further, and stated *wherein* the complaint was defective; or, in other words, what other facts it should contain to make it good.  There are doubtless cases where this might be done—a party might specify, in a proper case, the omission to state a good consideration for a promise, or a sufficient notice to an endorser, &c.—but there are many cases where this could not be done.  A complaint may contain an idle statement of facts which disclose no cause of action, and which would not render any modification.  The statement of the objection, therefore, in this general form, may be all that can be done in a large class of cases.  I do not say that it is enough in any case to indicate in the demurrer *which* of the six grounds of objection the pleader relies on.  *That* may depend on the nature of the objection itself.  It may not be enough to say generally that the complaint shows that there is a defect of parties; but I have no doubt it would be sufficient to say that the complaint shows on its face that another action is pending between the same parties for the same cause.  So I am inclined to think it is enough to state that the complaint shows no sufficient cause of action.  It specifies this as the *distinct ground* of objection and points the attention of this Plaintiff to this particular cause of demurrer, and informs him that no objection will be made on the score of a defect of parties, or the union of incompatible causes of action, or any other of the grounds enumerated in the section which prescribes the grounds of objection for which a demurrer will lie.·

If I am right in this conclusion, then it was irregular to disregard the demurrer, and to enter a judgment; and for that reason the motion must be granted.