(44 App. Div. 588.)

KISSAM v. BREMERMAN.

(Supreme Court, Appellate Division, Second Department. November 28, 1899.)

ATTORNEY—DEGREE OF SKILL—ACTION FOR COMPENSATION—COUNTERCLAIM.

A counterclaim, in an action by an attorney to recover for professional services, alleged that the attorney agreed to prosecute an action for defendant without compensation unless he procured judgment; that the complaint which he drew in such action stated no cause of action, so that

defendant could not have succeeded therein if he had gone to trial; that the attorney withdrew from such case, and refused to proceed with it, and had notified defendant to procure other counsel, and had given a substitution of attorneys to such other counsel employed by defendant; that defendant, after such substitution, obtained leave to discontinue such action on payment of $75 taxable costs, and defendant had been compelled to pay $175 on account of the mistake, carelessness, and advice of plaintiff with reference to said action. *Held*, that the counterclaim did not state facts sufficient to constitute a cause of action against plaintiff.

Appeal from special term, Queens county.

Action by Edward V. B. Kissam against John W. Bremerman to recover for professional services rendered by an attorney. Defendant set up a counterclaim, to which the plaintiff demurred. The demurrer was overruled, and, from the order overruling the demurrer (see 57 N. Y. Supp. 890), the plaintiff appealed. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward V. B. Kissam, pro se.
Charles S. Simpkins, for respondent.

WILLARD BARTLETT, J. This action is brought to recover $100, alleged to be the value of professional services rendered by the plaintiff to the defendant as an attorney and counselor at law, and $10 paid out for the defendant in the course of such services. The answer denies the alleged employment positively, and then proceeds, in the third, fourth, and fifth subdivisions thereof, to set up facts, on information and belief, which, according to the defendant, constitute a counterclaim in his behalf for the sum of $175. The plaintiff demurred to this part of the answer, on the ground that the alleged counterclaim was not of the character specified in section 501 of the Code of Civil Procedure, and also because "said counterclaim does not state facts sufficient to constitute a counterclaim." This second objection, we think, must be regarded as equivalent to the objection contemplated by section 495 of the Code of Civil Procedure, that "the counterclaim does not state facts sufficient to constitute a cause of action." The demurrer was overruled at special term, with leave to the plaintiff to reply on payment of costs. The only question discussed in the opinion of the learned judge below is whether the alleged counterclaim arose out of the contract or transaction set forth in the complaint, or was connected with the subject of the action. We do not deem it necessary, however, to pass upon this point, as we are satisfied that no cause of action against the plaintiff is set out in the third, fourth, and fifth subdivisions of the answer, which contain the alleged counterclaim.

The third subdivision alleges that the plaintiff agreed to prosecute an action brought by the defendant in the supreme court in Kings county against one John W. Carter, and that when the defendant recovered a judgment therein the plaintiff was to receive compensation for his services in that suit, but was to receive nothing unless plaintiff procured judgment against the said Carter, or a settlement of the defendant's claim against the said Carter. The fourth subdivision alleges that in June, 1896, "plaintiff abandoned said case, and refused

to proceed with the trial thereof, and notified the defendant to procure other counsel to proceed with the said action," and that other counsel were procured, and the plaintiff gave a substitution to other counsel to act for the defendant in that suit, and an order was entered to that effect. The fifth subdivision of the answer alleges that the defendant, since the present action was commenced, made a motion in the aforesaid suit of Bremerman against Carter to discontinue the same, or be permitted to amend the complaint therein; that upon said motion the defendant was granted leave to discontinue said action on payment of the taxable costs, amounting to $75, or to amend his complaint therein on payment of $50; that the complaint which the plaintiff drew in that suit showed no cause of action whatever against Carter, so that the defendant could not have succeeded therein if he had gone to trial; and that the said action has been discontinued, and defendant has been compelled to pay $175 "on account of the mistake, carelessness, and advice of the plaintiff herein with reference to said action."

This is a fair statement of the whole counterclaim, and we are unable to find anything in it sufficient to charge the plaintiff with any liability to the defendant either on contract or in tort. There is no averment that the plaintiff's abandonment of the Carter Case resulted in any damage to the plaintiff, or that he was thereby put to any expense. The gist of the counterclaim, therefore, is not to be found in this part of the answer.

Nor does the allegation that the complaint in the Carter Case showed no cause of action necessarily import any negligence on the part of the attorney who drew it. An attorney does not guaranty the sufficiency of every pleading prepared by him or under his direction, but he is responsible to his client only for those mistakes as a pleader which indicate a lack on his part of the attainments and diligence commonly possessed and exercised by legal practitioners of ordinary skill and capacity. See Von Wallhoffen v. Newcombe, 10 Hun, 236; 2 Shear. & R. Neg. (4th Ed.) § 559. The mere fact that a complaint turns out to be demurrable does not show that the attorney who prepared it was incompetent or negligent. If he sets out the facts of the plaintiff's case fully and in proper form, and the question whether they constitute a cause of action or not is fairly debatable, and after being so advised his client desires to obtain the decision of the court thereon, the attorney is justified in proceeding with the suit. Courts often differ as to the sufficiency of a pleading, without subjecting the judges to the reproach of ignorance or incompetency on account of their conflicting views. In the present counterclaim there is no averment which conveys the idea that the insufficiency of the complaint drawn by the plaintiff was due to any want of that degree of knowledge and ability which the law requires an attorney to possess; and the statement, in conclusion, that the defendant has been compelled to pay $175 "on account of the mistakes, carelessness, and advice of the plaintiff herein with reference to said action," does not amount to an allegation that he was negligent as an attorney in drawing the complaint. Indeed, it is impossible to tell to which one of the several preceding averments the word "carelessness" is intended to apply.

The demurrer should have been sustained on the ground that the counterclaim did not state facts sufficient to constitute a cause of action. The interlocutory judgment overruling the demurrer must therefore be reversed, with costs, and an interlocutory judgment must be entered sustaining the demurrer, with leave to the defendant to amend the counterclaim upon payment of the costs. All concur.