## MOFFETT v. JAFFE.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. REFORMATION OF INSTRUMENTS (§ 36*)—PLEADING.

    The complaint for reformation, by a proportionate reduction of price, of a contract of sale of a tract of land by defendant to plaintiff for $4,500, under a mutual mistake of fact that it contained 28 acres, when it contained several acres less, is insufficient, in not alleging that defendant's mistake as to acreage was what induced her to fix the price at $4,500, instead of at the proportionately reduced price, or that she meant to fix the total by a certain sum per acre; the mere allegation that she was mistaken as to the number of acres not having the effect of such an allegation.

    [Ed. Note.—For other cases, see Reformation of Instruments, Dec. Dig. § 36.*]

2. PLEADING (§ 11*)—ULTIMATE FACTS AND EVIDENCE.

    Absence of an allegation in a complaint of an essential fact cannot be supplied by allegations of matters of evidence tending to prove the fact.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

3. REFORMATION OF INSTRUMENTS (§ 11*)—SCOPE OF REMEDY.

    Reformation can only be had to express some material thing which the parties agreed on and meant to put in, but left out, or by striking out or changing something they did not mean to express.

    [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 24–27; Dec. Dig. § 11.*]

4. PLEADING (§ 11*)—EVIDENCE.

    An allegation of the complaint to reform a contract of sale that real estate agents, defendant's agents, who effected the sale, stated that the tract contained a certain number of acres, is not an allegation that defendant so stated, which allegation the complaint should contain, leaving it to the evidence to show how she made the statement.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

Appeal from Special Term, Kings County.

Action by James Moffett against Rose Jaffe. From a judgment overruling a demurrer to the complaint (114 N. Y. Supp. 614), on the ground of its not stating facts sufficient to constitute a cause of

action, defendant appeals. Reversed, and demurrer sustained, with leave to plead over.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Morris Meyers, for appellant.
Nathan Ballin, for respondent.

GAYNOR, J. Stripped of verbiage and made lean, the complaint is that the plaintiff and the defendant entered into a contract of sale of a tract of land by the latter to the former for $4,500 under a mutual mistake of fact, alleged to have been made by the defendant's agents to the plaintiff, that it contained 28 acres, it containing in fact only 24.853 acres; and the prayer is for a reformation of the contract by stating the contract price as $4,025, arrived at by a proportionate reduction by the acre for the deficiency, and for specific performance of the reformed contract.

But there is no allegation that the land was offered for sale or sold at, or that the contract was based on, a stated price the acre by the defendant, but the contrary, i. e., that it was offered and sold as a whole; and the contract is for its sale as a whole at the price of $4,500. It may be that although the defendant supposed there were 28 acres, she would not have sold it for any less if she had known there were only 25 acres, and this is not negatived by any allegation of the complaint, although it is the one essential thing. There is no allegation that the defendant's mistake as to the acreage was what induced her to fix the price at $4,500 instead of at $4,025, or that she meant to fix the total by a certain sum per acre. There is no allegation that the defendant intended that the price should be fixed by or depend on the number of acres. This is not alleged by a mere allegation that she was mistaken as to the number of acres. The complaint alleges various matters of evidence, which might tend to prove the said fact, but that cannot supply the lack of an allegation of it. Mere allegations of evidence in a complaint are out of place and of no avail. The fact which has to be found on the evidence in order to support the action is the thing which is necessary to allege.

A contract may only be reformed to express some material thing which the parties agreed upon and meant to put in but left out, or by striking out or changing something they did not mean to express. There is no allegation in this complaint of anything being left out which was agreed upon, or put in that was not agreed upon. The parties indisputably put in the contract the price which they intended should be paid for the land. There is no allegation that such price was based by the defendant on a mistake in respect of the acreage, but only that there was a mutual mistake in respect to the acreage, which might exist without there being any mutual mistake as to the price. A conjecture that the defendant would have asked less or accepted less for the land if she had known it contained only 25 acres cannot eke out a lack of an allegation on which to base such a conclusion.

Nor is there any allegation that the defendant stated that there were 28 acres. The allegation that the real estate agents, her agents, who

effected the sale, so stated, is not an allegation that she did. She may have stated the contrary to the plaintiff. The allegation should be that the defendant made the statement to be of any effect, leaving it to the evidence to show how she made it, or whether personally or through another. Kranz v. Lewis, 115 App. Div. 106, 100 N. Y. Supp. 674; Harris v. Baltimore Machine & Elevator Co., 112 App. Div. 389, 98 N. Y. Supp. 440.

The judgment should be reversed and the demurrer sustained, with leave to plead over.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to plead over on payment of costs. All concur.