### SWEET v. MARSH et al.

(Supreme Court, Appellate Division, Second Department.   June 11, 1909.)

1. VENDOR AND PURCHASER (§ 176*)—SHORTAGE OF QUANTITY—REDUCTION OF PRICE.

Defendants contracted to sell to plaintiff "all that certain farm, consisting of two hundred (200) acres, more or less, * * * more particularly described" in a specified deed, together with buildings and improvements thereon. The deed referred to described the land by metes and bounds. On a survey of the land subsequent to the execution of the contract, it was found that the land contained only about 152 acres. The price specified in the contract was $13,500. *Held*, that the sale was in gross, and that the contract, in the absence of a showing of fraud or that defendants intended that the price should be fixed by or depend on the number of acres, would not be reformed by reducing the price, because the land did not prove to contain 200 acres.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 334–336; Dec. Dig. § 176.*]

2. REFORMATION OF INSTRUMENTS (§ 36*)—PLEADING—COMPLAINT.

An allegation in a complaint in an action to reform a contract for the sale of land, because the land sold did not contain the number of acres which the purchaser supposed it contained, that the vendor was mistaken as to the number of acres, is not equivalent to an allegation that the vendor intended that the price should be fixed by or depend on the number of acres.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 141–146; Dec. Dig. § 36.*]

3. JUDGMENT (§ 248*)—CONFORMITY TO PLEADINGS.

The issues made by the pleadings are the ones which must be tried, and the courts have no right to make new issues for the parties on the trial or to found judgments on grounds not put in issue nor distinctly and fairly litigated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434; Dec. Dig. § 248.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. Reformation of Instruments (§ 16*)—Right of Action—Grounds—Mistake.

　　In the absence of fraud, a contract may only be reformed to express some material thing which the parties agreed upon and meant to put in, but left out, or by striking out or changing something which they did not mean to express.

　　[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 68; Dec. Dig. § 16.*]

5. Vendor and Purchaser (§ 64*)—Construction of Contract—Description of Property — Reference to Deed — "Particularly" — "More Particularly."

　　A contract to convey a farm "consisting of two hundred (200) acres, more or less, * * * more particularly described," in a deed specified. Held that, as "particularly" is defined as "in a particular manner; expressly with a specific reference or interest; in particular; distinctly," the term "more particularly described" must mean exactly described.

　　[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 92; Dec. Dig. § 64.*

　　For other definitions, see Words and Phrases, vol. 6, pp. 5185, 5186.]

　　Hirschberg, P. J., dissenting. Rich, J., dissenting in part.

Appeal from Special Term, Westchester County.

Action by William H. Sweet against Martha J. Marsh and Mary E. Benedict. From a judgment for plaintiff, defendants appeal. Reversed.

The following is the opinion of the court at Special Term referred to by RICH, J.:

It is manifest that the parties entered into the contract upon the mutual belief that the farm contained about 200 acres. Subsequently the vendors and the vendee each had the farm surveyed, and it was found to contain only 152.69 acres, there being a shortage of 47.31 acres or 23½ per cent. At the meeting of the parties for the purpose of closing the transaction and consummating the contract, the representative of the vendee presented certain objections to the title, which he claimed should be removed before the transaction was closed, and delay followed in consequence of such objections, which have since been obviated by the removal of the defects specified by them. Shortly after such meeting, the vendee received the report of his surveyor and learned of the shortage above stated. He then claimed the right to have the purchase price of $13,500 abated proportionately, and he has brought this action to enforce claim.

The case seems to be controlled by the principle declared by the Court of Appeals in the case of Paine v. Upton, 87 N. Y. 327, 41 Am. Rep. 371. I am unable to discriminate this case in its substantial features from that, and therefore feel compelled to decide in favor of the plaintiff. While the proportionate abatement of the purchase price would amount to approximately $3,000, the plaintiff, the vendee, offers, in case of a decision in his favor, to accept an abatement of $1,500 in full for the deficiency in the quantity of land, and has presented to the court a stipulation signed by his attorney to such effect. I therefore decide that the plaintiff is entitled to judgment abating the contract price or reducing it by the sum of $1,500; that is, from $13,500 to $12,000, and for specific performance of the contract so modified, all without costs. The $1,500 should be apportioned between the cash payment and the payment by mortgage, in accordance with their respective amounts.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Henry Marshall, for appellants.

William L. Rumsey, for respondent.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. This action was brought for the reformation of a contract for the sale of a tract of farm land near the village of Mt. Kisco, Westchester county, and for the specific performance of the contract as reformed. The complaint, in so far as it is material to the question here under consideration, alleges that the defendants were the owners in fee and possessed of "all that certain farm, consisting of two hundred (200) acres, more or less, located in the town of North Castle, county of Westchester and state of New York, the same being more particularly described in deed dated the 27th day of May, 1889, from Simeon S. Carpenter, Alonzo F. Carpenter and Jotham Carpenter, executors of the last will and testament of Aaron F. Carpenter, to Martha J. Marsh and Mary E. Benedict, and recorded in the Westchester county register's office on the 27th day of May, 1889, in Liber 1168 of Deeds, page 64"; that on the 16th day of December, 1905, the defendants entered into an agreement with this plaintiff for the sale of the above-described real property, copy of which agreement is annexed to the complaint and made a part thereof; that since making the said agreement the plaintiff has discovered that there is a deficiency in the acreage of the premises described therein, and that the same are not of the dimensions specified in said agreement, to wit, that, instead of embracing a tract of land of 200 acres, said premises contain only about 152 acres of land; that the plaintiff has always been ready and willing, and is still ready and willing, to fulfill his part of the contract; that he appeared at the proper time and place prepared to fulfill; and that the defendants did not put in an appearance, and were unable to perform the agreement, in that they were not prepared to give a deed for more than 152 acres. After alleging damages caused by the purchase money lying idle and unproductive, the searching of title, etc., the complaint demands judgment that "a fair, reasonable, and just deduction from the purchase money of said contract, 'Exhibit A,' be made on account of said deficiency in acreage, * * * and that on payment of the said residue of said purchase money, less said deductions, the defendants be decreed specifically to perform said agreement," and that, if they are unable or unwilling to perform the contract, the plaintiff have damages, etc.

There is no allegation that the land was offered for sale or sold at, or that the contract was based on, a stated price the acre by the defendants; on the contrary, the agreement, which is made a part of the complaint, provides that the "parties of the first part [the defendants] agree to sell and convey, and the party of the second part agrees to purchase, all that lot or parcel of land in the county of Westchester and state of New York, with the buildings and improvements thereon, described as follows:" (Here follows the same description, by reference to the deed, as is contained in the body of the complaint.) The instrument then excepts from the contract a certain burying ground, with a right of way, the dimensions of which are not given, and continues:

"The price is thirteen thousand, five hundred dollars ($13,500), payable as follows:" (Here the terms are set out.)

It may be, as said by Mr. Justice Gaynor in a very similar case (Moffett v. Jaffe [handed down April 23, 1909] 116 N. Y. Supp. 402),

that, although the defendants supposed there were 200 acres, they would not have sold it for any less if they had known there were only 152 acres, and this is not negatived by any allegation of the complaint, although it is the one essential thing. There is no allegation that the defendants' mistake as to the acreage was what induced them to fix the price at $13,500, instead of a lower figure, or that they intended to fix the total by a certain sum per acre, and the provision of the contract, including the "buildings and improvements thereon," clearly indicates that there were other considerations than the acreage in the minds of the parties in entering into the same. There is no allegation that the defendants intended that the price should be fixed by or depend on the number of acres. This would not be alleged by a mere allegation that they were mistaken as to the number of acres if this allegation may be spelled out of the complaint, and the rule still prevails that the judgment to be rendered by any court must be secundum allegata et probata; and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by pleadings, and courts have no right impromptu to make new issues for them on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue and distinctly and fairly litigated. Wright v. Delafield, 25 N. Y. 266, 270; Brightson v. Claflin Co., 180 N. Y. 76, 81, 72 N. E. 920, and authorities there cited.

There is no allegation of fraud in the complaint, and, in the absence of fraud, a contract may only be reformed to express some material thing which the parties agreed upon and meant to put in but left out, or by striking out or changing something which they did not mean to express. There is no allegation in this complaint of anything being left out which was agreed upon or put in that was not agreed upon. The parties indisputably put in the contract the price which they intended should be paid for the land with the buildings and improvements thereon. There is no allegation that such price was based by the defendants on a mistake in respect of the acreage, but only that there was a mutual mistake in respect to the number of acres, which might exist without there being any mutual mistake as to the price. A conjecture that the defendants would have asked less or accepted less for the land if they had known it contained only 152 acres cannot eke out a lack of an allegation on which to base such a conclusion. Moffett v. Jaffe, supra.

On the merits, the defendants admitted that they were the owners of the premises described; that they entered into the contract; denied the allegations of mutual mistake contained in the amendment to the complaint permitted at the trial, and the evidence shows that the plaintiff or one with whom he was associated drew the contract, and submitted it to the defendants for signature, and that he read the same to them, though whether all of it was read or not does not appear clear from the evidence, and the defendants both denied upon the trial that they understood that the contract mentioned 200 acres, or that they had ever told any one that the farm contained 200 acres, and the deed which is referred to in the contract as "more particularly" describing the premises does not pretend to contain any such amount.

It is to be observed that the contract calls for "all that certain farm consisting of two hundred (200) acres, more or less, * * * the same being more particularly described in deed dated the 27th day of May, 1899"; and, while it is no doubt true that these words "more or less" are usually inserted for the purpose of taking care of incidental variations, where the contract refers to a deed of record for a more particular description, it may properly be referred to that instrument for the acreage. "Particularly" is defined by Webster "in a particular manner; expressly; with a specific reference or interest; in particular; distinctly." That is, "more particularly described" is more exactly described, and so we find in the deed referred to that it conveys—

"all that certain farm of land, situate in North Castle, * * * bounded westerly by the highway that leads from Bedford to White Plains; southerly in part by land formerly of Henry Rundle, now of Benjamin Sniffen, and in part by land formerly of Gideon Palmer and now of ―――― Miller; easterly by land of Jeremiah Green in part, and in part by Henry Smith's land; and northerly in part by land of Charles F. Butler formerly, now of Frederick C. Read, and in part by land late of Jotham Carpenter. now of the said Aaron F. Carpenter, and formerly of Solomon Rundle—containing about one hundred and twenty-five acres of land, being the same premises which were conveyed to Aaron F. Carpenter by John W. Mills, referee, by deed dated the 2d day of April, 1870, and recorded in the Westchester county register's office. · * * * The premises above conveyed, 'containing about one hundred and twenty-five acres,' it is hereby understood conveys all the farm of land owned and occupied by the said Aaron F. Carpenter, dec'd, in said town of North Castle at the time of his death, be the same more or less."

There is no claim that the contract does not provide for the conveyance of all the land of which the defendants were the owners in fee at the time the contract was made, and which is embraced in the above description, and where the land is described by metes and bounds, and designates its quantity as so many acres, more or less, a sale in gross is indicated, even where the price named is an exact multiple of the number of acres named. 20 Am. & Eng. Ency. of Law, 875, and authorities cited in notes. Here the entire language of the contract indicates a sale in gross. There was no negotiation by the acre as in Paine v. Upton, 87 N. Y. 327, 41 Am. Rep. 371. The plaintiff sought a conveyance of "all that lot or parcel of land * * * with the buildings and improvements thereon" which was owned by the defendants, and which they had taken under the executor's deed referred to in the contract and in the complaint, and the incidental mention of 200 acres, where the contract itself refers to the deed for a more particular description, and the more particular description only calls for 125 acres, more or less, and it is conceded that the defendants are prepared to convey 152 acres, is not the controlling feature of the contract. The contract, fairly construed, merely calls for the conveyance of the property owned by the defendants under the executor's deed to which reference is made, and there is nothing in the pleadings or in the evidence which indicates that the defendants have not been willing to convey these very premises upon the payment of the agreed price. The plaintiff was not buying 200 acres of land. He was buying the particular property which he pointed out in the contract which he asked the defendants to execute. He asked for the

conveyance of 200 acres, more or less, as described in a particular deed, and the defendants agreed to. convey to him all the property they owned under such deed for $13,500, and there is nothing in the case to indicate that they would have parted with the "certain farm" for a less price, and neither the complaint nor the evidence justifies a reformation of the contract, for there is nothing in it to be reformed. The contract is the contract which the parties agreed upon and executed, and the so-called reformation attempts to make a new contract for them, to make the acreage—which was not the primary consideration or the subject of negotiation—control the more particular description by metes and bounds contained in the deed to which reference is made.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents, and RICH, J., who dissents in part.