MILLS v. KAMPFE et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. REFORMATION OF INSTRUMENTS (§§ 16, 45*)—MISTAKE—ESSENTIALS.

　　To reform an instrument for mistake, it must appear by clear and satisfactory evidence that the mistake was mutual and that it related to a matter essential and material.

　　[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 68, 157–193; Dec. Dig. §§ 16, 45.*]

2. REFORMATION OF INSTRUMENTS (§ 45*)—MUTUAL MISTAKE—EVIDENCE.

　　In an action to reform a contract for sale of land on the ground of mistake as to the acreage, evidence *held* to show that the vendors did not represent to the purchasers that the land embraced the acreage claimed by plaintiff, and that neither of the parties to the contract supposed that it did.

　　[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 159; Dec. Dig. § 45.*]

3. VENDOR AND PURCHASER (§ 44*)—CONTRACT—SALE IN BULK.

　　Evidence, in a suit to reform a contract for sale of land, *held* to show that a tract of land was sold in bulk, and not by the acre.

　　[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 44.*]

Appeal from Special Term, Kings County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Annie L. Mills against Otto Kampfe and others. Judgment for plaintiff, and certain defendants appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, and MILLER, JJ.

Lewis J. Smith, for appellants.

C. Walter Randall, for respondent.

BURR, J. The complaint in this action, while it alleges that the defendants represented to her assignors that the parcel of ground which was the subject-matter of the contract between them contained 264.65 acres, and that she relied upon said representations and had no other information on the subject, except so far as she could judge from looking over the said land, also alleges that such representations were made by the defendants in entire good faith, and in the belief that there was in fact in said parcel of land the entire number of acres mentioned. We think, therefore, that the action must be treated as one brought to reform a contract on the ground of mutual mistake, and not on the ground of fraud. To reform an instrument upon the ground of mistake, it is necessary for the plaintiff to establish by clear and satisfactory evidence, first, that the mistake was mutual; and, second, that it related to a matter which was essential and material. 2 Pomeroy's Eq. Jur. (3d Ed.) §§ 856, 859.

Two questions are involved in the determination of this case: First. What quantity of land did the parties actually believe was included within its boundaries as described? Second. Was the actual acreage a matter of indifference, because the sale was a sale of land in bulk, and not by the acre? To establish the former, and also that the belief of the parties was erroneous, is insufficient, unless it is also established that the quantity of land was essential, because the land was not sold as a single parcel, irrespective of its exact contents. The distinction may be clearly seen by comparing the cases of Faure v. Martin, 7 N. Y. 210, 57 Am. Dec. 515, Marvin v. Bennett, 8 Paige, 312, on appeal 26 Wend. 169, Veeder v. Fonda, 3 Paige, 94, Moffett v. Jaffe, 132 App. Div. 7, 116 N. Y. Supp. 402, Sweet v. Marsh, 133 App. Div. 315, 117 N. Y. Supp. 930, Belknap v. Sealey, 14 N. Y. 143, 67 Am. Dec. 120, Wilson v. Randall, 67 N. Y. 338, Paine v. Upton, 87 N. Y. 327, 41 Am. Rep. 371, and Gallup v. Bernd, 132 N. Y. 370, 30 N. E. 743.

The learned court at Special Term has found, not only that the defendants did not represent that there was 264.65 acres of land in the plot conveyed, but that neither of the parties to the contract supposed that there was. Upon the evidence it would have been impossible to find otherwise. It seems that some time prior to the sale a survey had been made of the farm, and a map had been made, which indicated that the total area of the land shown thereon was as above stated; but before the plaintiff or her assignors began negotiations for the purchase it was discovered that the map was inaccurate, and upon the copy of it which they had obtained from some person other than the defendants before beginning such negotiations a note had been made to that effect. When the contract was drawn, after describing the property

by metes and bounds, the vendors added the words, "containing about 250 acres, more or less." At the request of the plaintiff's assignors there were then added the words, "and containing within said bounds 264.65 acres, more or less, according to a survey made by Jarvis, Surveyor, Amityville, L. I." As the learned judge at Special Term said in his opinion:

"The plaintiff, before she took title, was informed by the surveyor that the 264.65 acres was probably an error, and she could not take the deed and pay the money with that information, and then at her leisure recover back that which she had voluntarily paid."

But the learned trial court did find that all the parties to the agreement believed:

"That said farm did in fact contain about 250 acres, and such negotiations were had and executed on both sides upon the basis of such common belief and understanding."

The court also found that as matter of fact the parcel of land contained only 233.112 acres, and gave judgment in favor of the plaintiff against the defendants for the sum of $3,310.05, which was arrived at by multiplying the number of acres found to be deficient by the average price paid per acre. The finding of the trial court that all the parties believed that the farm contained about 250 acres was directly contrary to the express allegations of the complaint, and to the evidence offered on the part of the plaintiff, who strenuously asserted that the belief of her assignors and of herself was that it contained 264.65 acres. Not only is this finding, so far as the plaintiff is concerned, neither according to her allegations nor the proof offered in her behalf, but it would be very difficult to sustain it as a finding of the defendants' belief on the subject. The whole trend of their testimony is to the effect that they did not know exactly what the total acreage of the plot was.

But, if this finding were sustained by the evidence, it would be insufficient to support the judgment, unless the court had also found that the sale was not in bulk, but by the acre. There is no finding upon that subject, nor any sufficient evidence to sustain such a finding, if one had been made. It is true that one of the plaintiff's assignors, McChesney, said that the defendants' agent stated to him that the price of the farm was $200 an acre. He also says that "no other price per acre" was ever mentioned between them. Johnson, the other one of the plaintiff's assignors, testified that the defendants' agent, when he first saw him, stated that the price was $200 per acre, but that after some negotiations he offered him $185 per acre, which the defendants accepted. The defendants' agent, through whom the negotiations were conducted, denied that he ever named any figure for the land by the acre; but he asserted that he named a price for the farm in bulk, first of $55,000, and finally of $49,000, which was accepted. The accepted price clearly establishes the fact that the sale was not by the acre; for, if the parties really believed that there were 250 acres and the price agreed upon was $185 per acre, the total purchase price of the farm would have been $46,250. The price actually paid, $49,000,

would have been at the rate of $196 per acre, a figure which no witness pretends was ever suggested.

There is another circumstance which indicates that the price agreed upon was a price in bulk, and not a sale by the acre. When the parties met to close the contract, there was a question as to the validity of the title to a small part of the farm, consisting of about two acres, and the defendants' agent then said:

"If you will give me a deed, I will take the title to those two acres for $400."

It does not appear that these two acres had relatively any greater value than the rest of the farm, and their value, according to the plaintiff's contention as to the agreed price per acre, would have been only $370. If the sale had been one by the acre, a pro rata abatement would have been proper. If, however, it was a sale in bulk, the vendor might have been willing, rather than have the entire contract fail, to make a concession which should be of such a character that the vendee would be willing to take title to what remained, although it was within her power to decline to complete at all. This is exactly what seems to have been done.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.