(89 Misc. Rep. 573)

COMPAGNIE GÉNÉRALE DE FOURRURES & PELLETERIES, ANCIENS ESTABLISSEMENTS HAENDLER & FILS, v. SIMON HERZIG & SONS CO. et al.

(Supreme Court, Special Term, New York County. March, 1915.)

1. GUARANTY ⬡36—LIABILITY OF GUARANTOR—EXTENT.

Where the liability of a guarantor is not expressly limited by the terms of the guaranty, it is deemed coextensive with that of the principal.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. ⬡36.]

2. CONTRACTS ⬡2 — CONSTRUCTION — WHAT LAW GOVERNS — PLACE OF ACCEPTANCE.

The place where a contract is accepted, though not conclusive in determining what law governs, is material, in that it fixes the time when the minds of the parties met and the agreement was consummated.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 2, 41, 145; Dec Dig. ⬡2.]

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. CORPORATIONS ⊂⟞513 — ACTION AGAINST CORPORATION — COMPLAINT — FRENCH CONTRACT.

Since, under the French law, the act of the directors of a corporation is the act of the corporation, the complaint in an action on a French contract stated a cause of action against the individual defendants, directors of a domestic corporation and owners of substantially all of the stock, where it stated that such individual defendants were "acting in their own name as well as in the name of" the defendant corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2017–2027, 2031–2034, 2036–2045; Dec. Dig. ⊂⟞513.]

4. CORPORATIONS ⊂⟞513—ACTIONS AGAINST—COMPLAINT—AGENCY.

An allegation, in the complaint in an action on a contract, that the signing of the contract by the individual defendants was the act of defendant corporation, was equivalent to an allegation that the individual defendants were authorized to subscribe to the contract as agents of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2017–2027, 2031–2034, 2036–2045; Dec. Dig. ⊂⟞513.]

5. GUARANTY ⊂⟞2—ACTION ON GUARANTY—DEFENSE—FOREIGN LAW.

In an action by a French corporation against a domestic corporation and its directors, on a French contract of guaranty for repayment of a loan to a German corporation, it was no defense that before the commencement of the action the German law, by reason of the war, prohibited payment of the debt by the principal debtor to the French creditors, either in France or in England, where it did not appear that the debt was not a binding obligation on defendants before the German law became applicable.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 29; Dec. Dig. ⊂⟞2.]

6. GUARANTY ⊂⟞28—ACTION—DEFENSE—EXTENSION OF TIME—FOREIGN LAW.

Where the plaintiff, in an action against the directors of a domestic corporation and the corporation itself, on a French contract of guaranty, invoked the French law to establish a liability, and by such law the time for the discharge of the defendants' obligation has been extended, no cause of action had accrued as against defendants, there being no requirement to perform elsewhere than in France.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 29; Dec. Dig. ⊂⟞28.]

Action by the Compagnie Générale De Fourrures & Pelleteries, Anciens Establissements Haendler & Fils, a corporation, against the Simon Herzig & Sons Company, a corporation, and others. Demurrer to certain defenses sustained, and demurrer to others overruled.

Marcuson Brothers, of New York City, for plaintiff.
Leventritt, Cook & Nathan, of New York City, for defendants.

GUY, J. The plaintiff is a foreign corporation organized under the laws of the republic of France. The defendant Simon Herzig & Sons Company (hereinafter referred to as defendant corporation) is a New York corporation. The complaint alleges that the individual defendants at all the times mentioned in the complaint constituted a majority of the directors and owners and controlled substantially all the stock of the defendant corporation; that at such times three of four of the individual defendants were and still are residents and citizens of New

---

⊂⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

York; that on or about October 22, 1913, the individual defendants, "acting in their own name, as well as in the name of" the defendant corporation, made and executed an instrument in writing, in the French language, a copy of which is annexed to and made part of the complaint; that a true and correct translation of the said instrument is also annexed; that the said paper was drawn, prepared, and delivered unto the plaintiff at the city of Paris, France; that under the laws of France said writing was and is the act of and binding upon the defendants individually and the defendant corporation; that subsequently to the delivery of the agreement the plaintiff, in reliance upon the terms of said instrument, loaned and advanced to Simon Herzig & Sons Company, of Leipzig, Germany, $49,784.54, which sum the said Simon Herzig & Sons Company, of Leipzig, Germany, promised and agreed to repay to the plaintiff in installments, at Martin's Bank, Limited, London, England, between March 18, 1914, and July 23, 1914; that the sum of $37,634.54 remains unpaid of the said advances; and that no part of said balance has been paid, although demanded from the defendants. From the translation of the copy of the agreement annexed to the complaint it appears that the individual defendants, "acting in our own name, as well as in the name of Simon Herzig & Sons Company, of New York, declare ourselves to stand guarantee in our personal name and for the account of the company in favor of the Compagnie Générale de Fourrures and Pelleteries, formerly N. Haendler & Son, of Paris [the plaintiff], for all accounts which could be due this company from Simon Herzig & Sons Company, of Leipzig, for whatever title and for whatever cause it may be. This engagement applies for all amounts relating to operations dealt and to be dealt with by [the plaintiff] with the Herzig Company, of Leipzig, until October 31, 1914."

The individual defendants in their answer to the amended complaint set up two separate defenses—first, "that before the commencement of this action" war was declared between Germany and France, and also between Germany and England, and that by the laws of the empire of Germany the German debtor was forbidden to pay any moneys to the plaintiff, and also forbidden to pay any money at or in the kingdom of Great Britain, or any part thereof; and, second, that by a statute or decree duly enacted into the laws of France the time for the payment of the alleged indebtedness was duly extended to a date subsequent to the time of the commencement of the action, and that by virtue of the laws of France the alleged indebtedness was not due or payable at the time the action was brought. The defendant corporation pleads the same defenses, and in addition sets up the statute of frauds, alleging that the promise in the amended complaint, if any was made, is a special promise to answer for the debt or default of another person, to wit, Simon Herzig & Sons Company, of Leipzig, Germany, and that such promise was not, nor was any note or memorandum thereof, made in writing and subscribed by the corporation defendant or its lawful agent.

The plaintiff demurred to the said defenses upon the ground that it appears upon the face thereof "that they do not state facts sufficient to

constitute a defense to this action." In opposition to the demurrer it is claimed, not only that the defenses are insufficient, but (1) that the demurrer is fatally deficient in form, in that the pleader should have stated that the defenses are insufficient in law upon the face thereof, and (2) that the complaint fails to state a cause of action. While the plaintiff in framing its demurrer has not complied literally with the provisions of section 494 of the Code, I think that the grounds of the demurrer are so plainly stated that it can be clearly understood, and that the pleading in form satisfies the statutory requirements. Kissam v. Bremerman, 44 App. Div. 588, 61 N. Y. Supp. 75; McClure v. Wilson, 13 App. Div. 274, 276, 43 N. Y. Supp. 209. I am also of the opinion that the complaint states a cause of action, both against the individual defendants and the corporation.

[1] The alleged undertaking of the defendants is a guaranty, and, while it is not expressly stated that the defendants guarantee the payment of the moneys loaned to the Leipzig concern, the language used in the instrument is sufficient to authorize the application of the rule that, unless the liability of a guarantor be expressly limited, it may be considered as coextensive with that of his principal, so that, when a guarantor or surety becomes bound in general and indefinite terms, he makes himself liable for all the engagements of his principal resulting from the principal's contract. Winchell v. Doty, 15 Hun, 1.

[2] As against the defendant corporation, the allegation in the complaint that the individual defendants, acting in their own name as well as in the name of the corporation, entered into the agreement, is hardly sufficient under our law to charge the corporation with the execution of the contract. Moffett v. Jaffe, 132 App. Div. 7, 116 N. Y. Supp. 402; Buffalo L. O. Co. v. Standard O. Co., 42 Hun, 153. The complaint alleges, however, that the instrument, which appears to have been executed by the individual defendants at New York, was in the French language, drawn, prepared, and delivered to the plaintiff at Paris, and that, under the French law, the agreement was the act of and bound the corporation as well as the individual defendants. Although not conclusive, the place where the contract is accepted is important, because it fixes the time when the minds of the parties met and the agreement was consummated.

[3] To my mind, the facts before stated, uncontradicted, are sufficient to indicate the intention of the parties that the contract should be regarded as a French contract, and, as under the French law the act of the individual defendants was also the act of the defendant corporation, it follows that a cause of action is stated against the corporation as well as against the individuals. Wilson v. Lewiston Mill Co., 150 N. Y. 314, 44 N. E. 959, 55 Am. St. Rep. 680; Union Nat. Bank v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614; Northwestern Mutual Life Ins. Co. v. McCue, 223 U. S. 234, 32 Sup. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57. If the law of France, as pleaded, determines the interpretation and validity of the contract (Union Nat. Bank v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614), it would seem to follow that the New York statute of frauds, pleaded as a defense.

by the corporation, is unavailing. See Wilson v. Lewiston Mill Co., 150 N. Y. 314, 44 N. E. 959, 55 Am. St. Rep. 680.

[4] In any event, as the complainant alleges that the signing of the contract by the individual defendants was the act of the defendant corporation, the conclusion is warranted that the individual defendants were authorized as the agents of the defendant corporation to subscribe the contract.

[5] The plaintiff's demurrer to the defense, based on the German law, should also be sustained. The fact that "before the commencement of this action," in consequence of the war, the German law prohibited the payment of the debt by the principal debtor to the French creditor either in France or in England, is clearly no defense. For aught that appears to the contrary, the debt was a binding obligation upon the defendants long before the German law became applicable as between the German debtor and the French creditor.

[6] I am of opinion, however, that the defense which sets up the so-called French moratorium, although the facts are not fully and satisfactorily stated, is sufficient. While the rule is that all matters connected with the performance of a contract are regulated by the law of the place where by its terms it is to be performed (Union Nat. Bank v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614), I do not think that rule is applicable to the precise facts in this case as presented by this motion. The plaintiff invokes the French law to establish a liability in our courts against the defendants, and if that law, upon which the plaintiff bases its rights, more especially as against the defendant corporation, duly extended the time for the discharge of the defendant's obligation, a cause of action has not accrued against these defendants, who were under no requirement to perform in England.

Demurrer to the alleged defense in paragraph 8 of the answer of the individual defendants sustained; demurrer to their alleged defense in paragraph 9 overruled. Demurrer to the alleged defenses in paragraphs 8 and 9 of the answer of the defendant corporation sustained; demurrer to the alleged defense in paragraph 10 overruled.

Ordered accordingly.