CHARLES A. RATHKOPF, Plaintiff, *v.* WILLIAM S. WALKER et al., Defendants.

Supreme Court, Special Term, Nassau County, July 14, 1947.

*Rathkopf & Rathkopf* for plaintiff.

*Thomas L. Driscoll* and *William F. O'Connell* for defendants.

Colden, J. The plaintiff in a libel action moves for an " order pursuant to Rule 109, Subdivision 6 of the Rules of Civil Practice, striking out of the answer interposed herein by defendant, William S. Walker, Fred DeFau, Mortimer Tischler and Peter J. McCall, all of the allegations contained in the First Separate Defense, Second Separate Defense, Third Separate Defense and Fourth Separate Defense, upon the ground that each of said defenses consisting of new matter, is insufficient in law, as more particularly set forth in the Memorandum heretofore served **upon you * * *.''**

The defendants contend that the notice of motion is defective in that it fails to comply with the provisions of section 280 of the Civil Practice Act and rule 62 of the Rules of Civil Practice.

Ordinarily the grounds upon which a motion is based need not be specified in the notice of motion or order to show cause, the statement of such grounds in the moving affidavit being sufficient. (1 Carmody on New York Pleading and Practice, § 364.) The only rule which requires a party in a notice of motion or order to show cause to state the specific grounds upon which the motion is made, is rule 62 of the Rules of Civil Practice. But this rule, by its terms, is limited to motions based upon some " mistake, omission, defect or irregularity " and is inapplicable to motions challenging legal sufficiency which are governed by section 280 of the Civil Practice Act. That section relates solely to motions formerly called " demurrers ". (*Shipley* v. *Schmitzer*, 224 App. Div. 730.) Thereunder an objection to a pleading is required to be distinctly specified in the notice of motion or order to show cause. So far as applicable to the instant motion, it is provided in said section that " an objection to a defense that it is insufficient in law upon the face thereof, may be so stated without further particulars." The defendants argue that the instant notice of motion is defective because it omitted the phrase " *upon the face thereof* " and that the situation here is analogous to that presented by rule 92 of the Rules of Civil Practice which permits the pleader in an action based upon a contract to plead 'due performance of conditions precedent on his part, in the language of said rule. There is no basis for this contention. The precise words of the statute are not required where the challenge is to the sufficiency of a complaint or a cause of action thereof or a counterclaim or a defense.

In *De Witt* v. *Swift* (3 How. Prac. 280) the words " The complaint does not state a sufficient cause of action against the Defendant " were held equivalent to the words " the complaint does not state facts sufficient to constitute a cause of action." (3 Carmody on New York Pleading and Practice, § 1048, p. 2271.) In *Compagnie Generale* v. *Herzig & Sons Co.* (89 Misc. 573) an objection similar to that made here was interposed, the contention being that the demurrer was fatally deficient in form because it should have stated that " the defenses are insufficient in law upon the face thereof ". In overruling this objection, Mr. Justice Guy said (pp. 576–577) : " While the plaintiff in framing its demurrer has not complied literally with the provisions of section 494 of the Code, I think that the grounds of

the demurrer are so plainly stated that it can be clearly understood. * * *."

It follows that the objection to the form of the notice of motion must be overruled as without substance.

The defendants seek also the dismissal of the complaint under that portion of rule 109 of the Rules of Civil Practice which provides that if upon a motion challenging the sufficiency of a defense it appears that the complaint is insufficient in law, the court is authorized to dismiss it even in the absence of a cross motion. They urge that the alleged defamatory article is not libelous per se and hence the complaint which contains no allegations of special damage fails to state facts sufficient to constitute a cause of action. (*O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352, 358.)

Plaintiff is, and at the time of the publication of the article complained of, was an attorney and counsellor-at-law and the Village Counsel of the Village of Lynbrook, Nassau County. According to the complaint (the allegations of which must, for the purposes of this motion, be deemed to be true), the defendants " wrote an article concerning the plaintiff ", the headline of which was as follows:

"SELL OUT!

VILLAGE ATTORNEY RATHKOPF DEFENDS L. I. R. R. AGAINST LYNBROOK CITIZENS "

After making reference in said article to the acquisition by the Long Island Railroad of a site upon which to erect a station and that Lynbrook citizens were forced to hire their own attorney to defend their interests, the article continues:

" *. * * Did they have a ghost of a chance? They did not!

Because Village Attorney Rathkopf, hired and paid to defend the taxpayers, sided with the Long Island Railroad against the taxpayers.

Precisely whom do your attorneys represent? The citizens of Lynbrook?

Not when those citizens have to hire private attorneys time and again to fight against village attorneys for their rights. * * *."

The language of the entire article, given its ordinary and natural meaning, clearly charges the plaintiff with reprehensible conduct in his professional capacity as an attorney, as well as in his capacity as a public official. " Any false accusation which dishonors or discredits a man in the estimate of the public or his friends and acquaintances or has a reasonable tendency so to do is libelous." (*Bennet* v. *Commercial Advertisers Assn.*, 230 N. Y. 125, 127.) In *Triggs* v. *Sun Printing & Pub. Assn.* (179 N. Y. 144, 153), a libel was defined as " A written or printed

statement or article published of or concerning another which
is false and tends to injure his reputation and thereby expose
him to public hatred, contempt, scorn, obloquy or shame
* * *." (See, also, *Sydney* v. *Macfadden Newspaper Pub.
Corp.*, 242 N. Y. 208; *Kimmerle* v. *New York Evening Journal,
Inc.*, 262 N. Y. 99.) This court is of the opinion that the article
set forth in the complaint falls within the foregoing definitions;
it adversely affects the plaintiff's standing as an attorney and
as a public official and is, therefore, libelous per se. (*Cassidy*
v. *Warner*, 256 App. Div. 878; *Corwin* v. *Berkowitz*, 190 App.
Div. 952.)

The first of the four defenses here challenged by the plaintiff
is labeled as a " partial defense ". It states in substance that
the article complained of was published during a political cam-
paign antecedent to an election for trustees and a mayor of
the Village of Lynbrook, and was part of a campaign to oust
the incumbents, of whom the plaintiff was one, and cause the
election of the defendants, DeFau, Walker and McCall, and
that the statements in the article complained of " were intended
as against the administration of the Village and the political
party in control of the government thereof at the time and as
against the plaintiff merely as an agent and representative
thereof * * *."

Of course, a political campaign customarily gives rise to many
statements by rival candidates and rival party workers which
are often, to say the least, exaggerated. That is something,
however, which a candidate for public office expects as he puts
his character in issue so far as it relates to his fitness and
qualifications for office when he runs. However, such an occa-
sion is no reason for publishing a falsehood and calumny against
him. As stated in *Hamilton* v. *Eno* (81 N. Y. 116, 126–127):
" * * * one may in good faith publish the truth concerning
a public officer, but if he states that which is false and aspersive,
he is liable therefor, however good his motives. A person in
public office is no less to be protected than one who is a candi-
date for public office; and the law of libel must be the same
in each case. The public have as much interest in knowing the
true character of one who is seeking a place of trust as that
of one who holds it. There must be as much and no more
privilege of utterance as to one than the other. * * * We
are of the opinion that the official act of a public functionary
may be freely criticised, and entire freedom of expression used
in argument, sarcasm and ridicule upon the act itself; and that
then the occasion will excuse everything but actual malice and

evil purpose in the critic. We are of the opinion that the occasion will not of itself excuse an aspersive attack upon the character and motives of the officer; and that *to be excused, the critic must show the truth of what he has uttered of that kind."* (Italics supplied.) (See, also, Newell, Slander and Libel [4th ed.], § 13, p. 44.)

So here, the fact that the occasion for the publication of the article complained of was a political campaign does not of itself excuse the type of attack on the plaintiff and the defendants must show the truth thereof in order to justify it. It follows that the first partial defense is insufficient either as a complete or a partial defense.

The second defense is pleaded as a complete defense and incorporates by reference each of the allegations of the first partial defense. It is then stated that " * * * insofar as certain parts of the said article purport to give an account of the proceeding before the Public Service Commission, they were fair, true and correct, and made entirely without malice and with the belief in their truth; that said statements were therefore privileged * * *." This defense is insufficient in law for at most it is a partial defense since it relates only to certain parts of the article, and even as a partial defense, it is insufficient because there is no specification of the parts of the article to which it relates. (See Seelman, Law of Libel and Slander, par. 459.)

The third defense likewise incorporates all of the allegations of the first partial defense and claims privilege as a fair comment of the alleged judicial proceeding before the Public Service Commission. In *Briarcliff L. Hotel* v. *C.-S. Publishers* (260 N. Y. 106) the court said at pages 118–119: " A comment is fair when it is based on facts truly stated and free from imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticized, and is an honest expression of the writer's real opinion or belief. Mere exaggeration, slight irony or wit, or all those delightful touches of style which go to make an article readable, do not push beyond the limitations of fair comment. Facts do not cease to be facts because they are mixed with the fair and expectant comment of the story teller, who adds to the recital a little touch by his piquant pen."

In this court's opinion it cannot be said that to headline an article as a " Sell out! " and to refer to the plaintiff as defending a railroad against the citizens of the village, of which he is the village counsel, is merely " slight irony or wit " or " delightful touches of style " by a " piquant pen." Headlines are

174

not privileged unless they are a fair index of the matter contained in a truthful report. (*Campbell* v. *New York Evening Post,* 245 N. Y. 320.) This defense is insufficient in law.

The last defense attempts to plead justification upon the ground that the article is true. It incorporates by reference each and every one of the allegations of the first partial defense. Of course, truth is a complete defense, but in this case, it is essentially the only defense which could justify the nature of the article with the publication of which the defendants are charged. It must be as broad as the charge and must be a justification of the entire charge. (Seelman, Law of Libel and Slander, pars. 452–453.) This court is of the opinion that the allegations of the partial defense which have here been incorporated by reference and labeled as a complete defense of truth are, in their present state, insufficient to constitute such a defense because they are not as broad as the charges made in the article complained of.

Accordingly, the plaintiff's motion to strike out the defenses as insufficient in law is granted in all respects with leave to serve, within ten days of the service of a copy of the order to be entered hereon, an amended answer which will properly plead, in accordance with the provisions of section 241 of the Civil Practice Act, the complete defense of truth and the partial defense of fair report. Since for the reasons stated above the article in question cannot be wholly or even partially justified, because it was occasioned by a political campaign nor is it comment that is fair, leave to replead such defenses in the amended answer will not be granted. (*Douchkess* v. *Campbell,* 64 N. Y. S. 2d 554, 559.)

Submit order.