*476 In an action, inter alia, to rescind a sale of real property and to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated March 21, 2002, as granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendant established its entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiff to submit admissible evidence raising a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). In opposition to the motion, the plaintiff failed to come forward with evidence to raise a triable issue of fact.
It is well settled that with respect to a real property contract, unless the facts represented involve matters peculiarly within one party’s knowledge, the other party must make use of the means available to learn, by the exercise of ordinary intelligence, the truth of such matters, “or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations” (Schumaker v Mather, 133 NY 590, 596 [1892]; see Danann Realty Corp. v Harris, 5 NY2d 317, 322 [1959]). Here, the size of the subject parcel of property was not a matter peculiarly within the knowledge of the defendant, and could have been ascertained by the plaintiff by means available to him through the exercise of ordinary intelligence, including the examination of certain public records, or by physically inspecting the property before the closing (see Eisenthal v Witt-lock, 198 AD2d 395, 396 [1993]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment where the plaintiff’s claim was contingent upon a finding of fraudulent inducement or negligent misrepresentation.
In addition, the plaintiff may not recover on the theory that the parties were mutually mistaken as to the acreage of the subject parcel of property, as he failed to allege or show that the sale was intended to be by the acre and not in gross (see Sweet v Marsh, 133 App Div 315 [1909]; Little Stillwater Holding Corp. v Cold Brook Sand & Gravel Corp., 151 Misc 2d 457 [1991]).
The plaintiff’s remaining contentions are without merit. Krausman, J.E, Townes, Mastro and Rivera, JJ., concur.