In the Matter of the Judicial Settlement of the Account of CAROLINE E. CROSSMAN et al., as Executors of the Last Will and Testament of HENRY CROSSMAN, Deceased.

The will of C. directed that $100,000 should be invested and the income thereof paid to his wife during her life; upon her death the principal to be paid to H., the testator's adopted son, if he shall then have arrived at the age of twenty-eight years; if not, it was to be kept invested and the income applied to his use until he arrived at the age of twenty-eight, and then the principal, with any accumulations of income, to be paid to him. In case of his death before arriving at that age, without leaving lawful issue, the will directed that said principal should be divided among certain beneficiaries named; if he left lawful issue, then said sum was directed to be paid to such issue. The residuary clause of the will provided as follows : " All the rest, residue and remainder of my estate, real and personal, wheresoever and whatsoever, and such as I shall hereafter acquire, I do give, devise and bequeath to my adopted son,  * * * to be paid over to him when he shall have arrived at the age of twenty-eight years." Following this were provisions disposing of the residuum in case of the death of H. before reaching the age of twenty-eight. C. died, leaving his widow and H. surviving him. H. died after reaching the age of twenty-eight; the widow survived him. On an application of the executors of C. for a settlement of their accounts, certain of the latter's next of kin appeared and filed objections thereto, which were overruled on the ground that they were not interested in the estate. *Held*, no error; that H. took a vested interest in remainder in the $100,000, if not by virtue of the clause setting it apart, at least under the residuary clause.

The will contained no direction as to the disposition of the income of the residuary estate until H. reached the age of twenty-eight. *Held*, that, under the Revised Statutes (1 R. S. 726, § 40), the rents and profits of the real estate were payable as they accrued to H., he being presumptively entitled to the next eventual estate, and so far as the residuary estate was personal, its income belonged to H. as the owner of the *corpus* thereof, and was payable to him as it accrued.

(Argued April 17, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 14, 1888, which affirmed a final decree of the Surrogate's Court of Kings county.

Henry Crossman died January 7, 1881, leaving a last will and testament, the third and seventh clauses of which are as follows:

"*Third.* I desire to make ample provision for the support and maintenance of my said wife, and, in addition to what I have above given, I order and direct that my executors, before paying the legacies hereinafter mentioned, do set apart of my estate the sum of one hundred thousand dollars, and keep the same invested and out at interest, and that they apply the interest or income therefrom to the use of my said wife in half-yearly payments, or oftener if convenient, during the term of her natural life, and that from and after her death they pay over the said sum of one hundred thousand dollars to our adopted son, Henry C. Crossman, if he shall then have arrived at the age of twenty-eight years; but if, at the decease of my wife, he shall not have arrived at the age of twenty-eight years, then my executors are directed to keep the same invested until he shall have arrived at that age, and that they apply the interest or income to his use, and on his arrival at the age of twenty-eight years the said principal and the accumulated interest (if any) is to be paid to him; but if my said adopted son shall die before he arrives at the age of twenty-eight years, and not leaving lawful issue him surviving, then the said sum of one hundred thousand dollars shall be divided as follows, and I do give and bequeath the same accordingly: One thousand dollars to the Orphan Asylum, formerly in Cumberland street, in the city of Brooklyn; one thousand dollars thereof to the Brooklyn Hospital, and the balance to be equally divided among the children and grandchildren of the following named persons, viz.: The children and grandchildren of my brother, James Crossman, and of my sister, Susan Barnet, except her son, Charles Barnet; and should any of the said children die before me, leaving lawful issue him or her surviving, I direct the share which the one so dying would have been entitled to, if living, shall be paid to such issue; but if my said adopted son shall die under the age of twenty-eight years, and leaving lawful issue him sur-

viving, then the said sum of one hundred thousand dollars is to be paid over to such issue, and I do bequeath the same accordingly.

"*Seventh.* All the rest, residue and remainder of my estate, real and personal, wheresoever and whatsoever, and such as I shall hereafter acquire, I do give, devise and bequeath unto my adopted son Henry C. Crossman, to be paid over to him when he shall have arrived at the age of twenty-eight years; if my said adopted son shall depart this life without having attained the age of twenty-eight years, and leaving lawful issue him surviving, then my said residuary estate shall be paid over to his issue, but if he shall die under that age and without leaving lawful issue him surviving, then the whole income of my said residuary estate shall be applied to the use of my wife for and during her natural life, and upon her decease the principal is to be divided among my next of kin and heirs-at-law as if I had died intestate. I do hereby nominate, constitute and appoint my said wife, Caroline E. Crossman, executrix, and my friend, Samuel Burhans, of the city of New York, and my said son, Henry C. Crossman, executors of this my last will and testament and trustees under the same, and I do hereby authorize and empower them, and the survivor of them, and such one or more of them as shall act for the time being, to sell and dispose of any and all my real estate not herein specifically devised and to convey the same to the purchaser or purchasers thereof. It is my earnest desire that my friend, Samuel Burhans, will serve as my acting executor and trustee. The provision herein made for my said wife, Caroline E. Crossman, is to be taken and accepted by her in lieu and bar of dower and all other claim on my estate."

Later in the same month the will was admitted to probate and letters testamentary thereon were issued by the surrogate of Kings county to Caroline E. Crossman, Henry C. Crossman and Samuel Burhans, the executors named therein. The testator left no issue; Henry C. Crossman became twenty-eight

years of age on the 15th day of October, 1885, and died on the 13th day of May 1886, leaving Caroline E. Crossman, the widow of the testator, surviving him. He left a last will and testament in which he disposed of all his property, real and personal, to Caroline E. Crossman and Samuel Burhans. After his death Caroline E. Crossman and Samuel Burhans, the surviving executors of the will of Henry Crossman, made application to the surrogate for the judicial settlement of their accounts as executors, and in pursuance of that application their accounts were presented to the surrogate and came on for settlement, and certain of the next of kin of the testator appeared and contested the same, and filed objections thereto. Their objections were all overruled on the ground that they were not interested in the estate of the testator. The decree of the surrogate, upon the final settlement of the accounts, was affirmed at the General Term, and then certain of the next of kin of the testator appealed to this court.

· *Eugene Smith* for W. H. Crossman et al., appellants. Where there is no express gift to the remainderman, the only gift being in the direction to pay at a future time, the gift does not vest in the remainderman until the time for its payment arrives. In such case the interest of the remainderman is contingent prior to the time of payment, and if he dies before the time of payment, the gift fails as to him. (*Smith* v. *Edwards*, 88 N. Y. 92 : *Colton* v. *Fox*, 67 id. 348 ; *Hobson* v. *Hale*, 95 id. 588, 613–616 ; *Shipman* v. *Rollins*, 98 id. 311 ; *Delafield* v. *Shipman*, 103 id. 463.) The language of the will conclusively indicates a future, and not a present, disposition of the principal of the fund. (*Shipman* v. *Rollins*, 98 N. Y. 324 ; *Hobson* v. *Hale*, 95 id. 613 ; *Livingstone* v. *Greene*, 52 id. 118 ; *Acker* v. *Gordon*, 67 id. 63.) In the interpretation of a residuary clause in a will, or one which it is claimed bears any analogy to it, the court will not only look at the language employed, but the surrounding circumstances, to determine what the intention of the testator was. (*Kerr* v. *Dougherty*, 79 N. Y. 348.) The principal of

the trust fund of $100,000, subject to the life interest of Mrs. Crossman, goes to the next of kin of the testator, and not to the estate of Henry C. Crossman, the residuary legatee. (*Adair* v. *Brimmer*, 74 N. Y. 539 ; *King* v. *Talbot*, 40 id. 76 ; *Goodwin* v. *Howe*, 62 How. Pr. 134.) The income from the residuary estate, intermediate the testator's death and 15th October, 1885, when Henry C. Crossman became twenty-eight years old, goes to the next of kin. (*Hobson* v. *Hale*, 95 N. Y. 588.)

*James A. Hudson* for Jane F. Macarthy, appellant. The appellant, with others, is entitled, as heirs-at-law and next of kin of the deceased, to the $93,897.35 of accumulations of interest, and to have the accounts of the executors re-stated so as to show the time when each installment thereof was received, and to have interest thereon also, if the above figures do not include such interest. (*Phelps* v. *Pond*, 23 N. Y. 83.)

*James D. Bell* for Elizabeth R. Westphal, appellant. There was no vesting in Henry C. Crossman of the $100,000 fund under the third subdivision of the will, and, so far as the disposition of that trust fund, after the death of Caroline E. Crossman, is governed thereby, the testator died intestate, and the *corpus* thereof goes to the next of kin. (*Warner* v. *Durant*, 76 N. Y. 133, 136 ; *Smith* v. *Edwards*, 88 id. 92, 104, 109 ; *Vawdry* v. *Geddes*, 1 Russ. & My. 203 ; *Doe* v. *Moore*, 14 East, 604 ; *Vincent* v. *Newhouse*, 83 N. Y. 505 ; *Shipman* v. *Rollins*, 98 id. 325 ; *Delafield* v. *Rollins*, 103 id. 467 ; *Manice* v. *Manice*, 43 id. 303, 362 ; *Teed* v. *Morton*, 60 id. 502, 506.) Mrs. Crossman has no ownership of the fund, only a beneficial interest by which she can enforce the trust. There is a trust with the whole legal title in the trustees. (1 Perry on Trusts [3d ed.] § 318 ; *Marx* v. *McGlynn*, 88 N. Y. 357, 375 ; *Warner* v. *Durant*, 76 id. 133.) Reading the residuary clause (7th subd.) in connection with the clause creating the $100,000 fund (3d subd.), we find that the claim

that this fund became a part of the residuary estate is unfounded. (*Roseboom* v. *Roseboom*, 31 N. Y. 356, 358; *Kerr* v. *Dougherty*, 79 id. 327, 348; *In re Lapham*, 37 Hun, 15, 17; *Peay* v. *Barber*, 1 Hill, 95.) The income accumulated from the death of the testator to the time when Henry C. Crossman attained the age of twenty-eight years, amounting to $93,897.35, was improperly paid over to Henry C. Crossman on that day. (*Hobson* v. *Hale*, 95 N. Y. 588, 616; 1 R. S. 726, 773 · 3 id. [7th ed.] 22, 257, 2178.)

*James R. Steers* for respondents. If the language of the Revised Statutes in regard to future estates (1 R. S. 672, § 13) is to be applied to this will in its literal meaning, there can be no question that the fund of $100,000 did vest in Henry C. Crossman when he became twenty-eight, subject to the life interest of Mrs. Crossman. (1. R. S. 727, § 2; *Lane* v. *Brown*, 20 Hun, 382; *Manice* v. *Manice*, 43 N. Y. 387; *Gilman* v. *Reddington*, 24 id. 11; *Lawrence* v. *Bayard*, 7 Paige, 75; *In re Goodrich*, 2 Redf. 48; *Weed* v. *Aldrich*, 2 Hun, 531; *Hawley* v. *James*, 16 Wend. 137; *Gibson* v. *Walker*, 20 N. Y. 476, 484; 2 Jarman on Wills, 430; *Livingston* v. *Greene*, 52 N. Y. 118; *Ackerman* v. *Gordon*, 67 id. 63; *In re McClymont*, 6 Abb. N. C. 263; *Beekman* v. *Bonsor*, 23 N. Y. 312; *Skrymser* v. *Northcote*, 1 Swanst. 570.) The bequest to Henry C. Crossman of the remainder in the $100,000 fund is not one of those where "futurity is annexed to the substance of the gift" in such sense as to make the remainder to him contingent on his surviving his mother. (*Warner* v. *Durant*, 76 N. Y. 133; *Scott* v. *Guernsey*, 48 id. 166; *Teed* v. *Morton*, 60 id. 502; *Shipman* v. *Rollins*, 98 id. 311; *Smith* v. *Edwards*, 88 id. 92; *Delany* v. *McCormick*, id. 174; *Vincent* v. *Newhouse*, 83 id. 505; *Hobson* v. *Hale*, 95 id. 612, 613; *Delany* v. *Shipman*, 103 id. 463; 18 Abb. N. C. 301.) The income of the residuary estate, given in the seventh subdivision of the will, belonged to Henry C. Crossman from the death of the testator. (1 R. S. 726, § 40; *Manice* v. *Manice*, 43 N. Y. 384; *Gilman* v.

*Reddington,* 24 id. 9; *Grant* v. *Grant,* 3 Redf. 283; *Cook* v. *Lowery,* 29 Hun, 20; *Radley* v. *Kuhn,* 97 N. Y. 26.)

EARL, J. It was held by the surrogate, and upon appeal by the Supreme Court, that Henry C. Crossman took a vested remainder in the $100,000 which the executors were directed to set apart and hold for the benefit of the widow during her life, and that he took it by virtue of the language contained in the third clause of the will; that, therefore, the testator did not die intestate as to any portion of his estate, and that his next of kin were not entitled to any hearing upon the accounting. Without determining whether or not the courts below were right in their construction of the third clause of the will, we have no reason to doubt that Henry C. Crossman took a vested interest in remainder in the $100,000 under the residuary clause. It is clear that the testator did not intend to die intestate as to any portion of his estate He had taken particular care as to the dispositions made in the prior clauses of the will, and it is true that in several of them he provided distinctly that in certain contingencies the gifts should become part of his residuary estate, and that he made no such provision in reference to the $100,000. But we do not deem that circumstance of much importance. The language of the residuary clause is sweeping and unqualified, and in that he gives, devises and bequeaths to Henry C. Crossman all the rest, residue and remainder "of his estate, real and personal, wheresoever and whatsoever" and what he should thereafter acquire. No language could be broader and more comprehensive, and whatever was not included in the prior provisions and effectually disposed of, is carried under this residuary clause to Henry C. Crossman. He was a general residuary legatee, and therefore, as said in 2 Roper on Legacies (453), "he is entitled to not only what remains after paying all debts and legacies, but also to whatever may by lapse, invalid disposition, or other casualty, fall into the residue after the date and making of the will." And the case is governed by the rule laid down by the chancellor in *King* v. *Strong* (9 Paige, 94) as follows: "It is

settled that a general residuary bequest of personal property, or of chattels real, carries to the residuary legatee, not only such estate and such interest therein as the testator did not attempt to dispose of by other provisions of his will, but every part of his property which, by lapse or otherwise, is not effectually bequeathed and disposed of to others." We see nothing in the other provisions of the will to qualify the effect to be given to the general provisions of the residuary clause. It is clear that the testator meant to dispose of all his property, and that he intended by the residuary clause to give to Henry C. Crossman what had not before been effectually disposed of. (*In re Benson*, 96 N. Y. 499; *Cruikshank* v. *Home of the Friendless*, recently decided in this court.)*

In this case the residuary estate was large, and no direction was given in the will for the disposition of the income thereof until Henry C. Crossman reached the age of twenty-eight years; and the next of kin of the testator, therefore, claim that such income was undisposed of and that they were entitled to the same. We think the disposition of the income is controlled by the provisions of the Revised Statutes (1 R. S. 726, § 40), which provides that "When, in consequence of a valid limitation of an expectant estate, there shall be a suspension of the power of alienation or of the ownership during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the person presumptively entitled to the next eventual estate." There was no direction whatever for the accumulation of the income. That was undisposed of, and Henry C. Crossman was presumptively entitled to the next eventual estate, and it was, therefore, payable to him as it accrued after the death of the testator. (*Gilman* v. *Reddington*, 24 N. Y. 9; *Manice* v. *Manice*, 43 id. 303; *Radley* v. *Kuhn*, 97 id. 26.) The provision of the Revised Statutes strictly applies only to the rents and profits of real estate. But, by analogy, the same rule should, probably, be applied to the income of personal estate. But, so far

* *Ante*, p. 337.

as the residuary estate was personal, its income belonged to Henry C. Crossman as the owner of the *corpus* thereof, and, not being otherwise disposed of, was payable to him as *it* accrued. It would seem to be a reasonable rule that such an owner should have the income of his own property.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.