Edgar F. Hazleton, S.
The questions propounded by the executors and trustees under the last will and testament of James K. Atkinson, also known as James A. Kealhofer, deceased, in this construction proceeding are answered as follows:
Question 1(a) and 1(b). The devises of Suffolk County real property to Grace V. Schmidt are limited to the parcels specifically described in the recorded deeds mentioned by the testator in paragraphs “ fourth ” and “ fifth ” of the will. In identifying and referring to these deeds' as the particular property he wished to devise, testator’s intent is clear. .His mistaken estimate of the approximate quantity of land covered *994 by the deeds does not enlarge or diminish the grant. (Sweet v. Marsh, 133 App. Div. 315.) It therefore follows that any remaining Suffolk County realty not so specifically devised to Grace V. Schmidt or the Medford Fire Department falls into the residuary estate. (Riker v. Cornwell, 113 N. Y. 115.)
Question 2. The executors and trustees do not have power of sale over Suffolk County real property included in the residuary estate without first obtaining the Surrogate’s approval. In paragraph “ twelfth ”, testator expressly gave to his executors and trustees the power to sell all real estate “ excepting as to real estate in Suffolk County, New York.” The explicit prohibition contained in this paragraph, dealing exclusively with the executors’ and trustees’ power of sale over realty, defines more particularly and must be engrafted upon an earlier provision in the will granting a power of sale in general terms. To hold otherwise would alter the simple meaning of the words of exception and deal in conjecture.
Questions 3, 4 and 5. The remainder interests under all the residuary trusts established under paragraph ' ‘ eleventh ’ ’ are contingent. The class of persons entitled to share such remainder interests will be determined upon the death of each life beneficiary and will include the following persons who survive the respective life beneficiaries:
(a.) The children of Emily W. Maslen and Nina A. Burniston.
(b.) The issue per stirpes of any such child who predeceases the life beneficiary.
(c.) The issue per stirpes of any such child named as life beneficiary.
Paragraph “ eleventh ” establishes nine distinct residuary trust funds each having a separate named life beneficiary whose life measures the duration of the trust. The testator, with identical language, save for meaningless changes in phraseology, directed the trustees to distribute each trust corpus in the following manner: “ and upon [the named life beneficiary’s] death, to pay, assign, transfer or convey said Share [describing it] to the children of my cousins, Emily W. Maslen and Nina A. Burniston, in equal shares, the issue of any deceased children to take the same share to which the parent would have been entitled, per stirpes and not per capita. In case, at the termination of any of the life estates set up by this Paragraph, there should be no children of my cousins Nina A. Burniston or Emily W. Maslen, or issue of said deceased children surviving, I hereby direct that the corpus of said life estate be considered personal property and be distributed in accordance with the laws of the State of New York in force at the time of the termination of *995 said life estate, except for the exclusion of Miriam A. Myer or her heirs from any further participation in my estate.”
Here we have a clear statement by the testator that if “at the termination of the life estates ” there be no remaindermen of the class described alive, the corpus should pass “ in accordance with the laws of the State of New York in force at the time of the termination of said life estates.” It is therefore evident that the testator did not intend the trust res to become vested property of the remaindermen who qualified as such on his death, passing as part of the remaindermen’s estates to persons possibly unrelated to testator should any or all of them predecease the life beneficiary. To the contrary, the testator provided that if at the termination of the life estates there should be none of the class of remaindermen surviving, the corpus should pass as part of the testator’s estate in accordance with his directions. The intent to postpone vesting is clear. (Paget v. Melcher, 156 N. Y. 399; Matter of Buechner, 226 N. Y. 440.)
If resort to rules of construction were necessary the result would be the same. A contingent interest is generally found where the remainder of a trust be distributed to a class, such as “ children ” or “ issue ” (Matter of Pulis, 220 N. Y. 196; Matter of Burk, 298 N. Y. 450; Matter of Rumph, 205 Misc. 404); when the remaindermen take by virtue of the testator’s directions to “ divide ” the trust res and “ pay over ” to a named class upon the death of the life beneficiary (Matter of Crane, 164 N. Y. 71; Matter of Baer, 147 N. Y. 348); or where such construction favors the blood relatives of the testator (Matter of Rooker, 248 N. Y. 361 Matter of Jackson, 25 N. Y. S. 2d 189).
Question 6. Whether the testator’s instructions regarding tax apportionment are sufficiently broad to cover nontestamentary, as well as testamentary dispositions, is the crux of this question propounded by petitioners. The testator directed, “ that all inheritance or legacy taxes shall be borne and paid by my executors and shall he a charge against my estate.” The collated decisions (6 Warren’s Heaton on Surrogates’ Courts [Cum. Supp.], § 24.4) show that the positive language decedent employed overcomes, as to property passing under the will, the rule of equitable apportionment of all New York and Federal estate taxes set forth in section 124 of the Decedent Estate Law; for this statute provides that a testator may annul the strong public policy favoring apportionment by directing otherwise in his will.
However, section 124 (subd. 4) specifically states that “ Any direction as to apportionment or non-apportionment of the tax, whether contained in a will or in a non-testamentary instrument, *996 shall be limited in its operation to the property passing thereunder unless such will or instrument otherwise directs. ’ ’ Though the testator’s direction is precise, it cannot, without ambiguity, be extended to encompass property outside the will. As discussed in Matter of Mills (189 Misc. 136, 142, affd. 272 App. Div. 229, affd. 297 N. Y. 1012): “‘A provision in a will that all taxes be paid out of the residuary or general estate applies only to property passing under the ivill unless it specifically refers to other property, and has no effect upon inter vivos dispositions, which for one reason or another are drawn into the gross estate for tax purposes.’ (Chase National Bank v. Tomagno, 172 Misc. 63, 65-66. Emphasis supplied.) At best the language of deceased can be said to be obscure. Nowhere does he say that apportionment of taxes is not to be made. Nowhere does he refer specifically to any inter vivos transaction.” (Emphasis as in original.)
Question 7. The decedent was active in the affairs of his local, fire company and remembered the organization in his will as the “ Medford Fire Department of Medford, Suffolk County, New York, ” its common name. In fact, the true name is Medford Volunteer Fire Company, Ino. Nevertheless, where as here, the obvious intent of the testator is a gift to a charitable group, such legacy will not be defeated by a misnomer. (Matter of Stymus, 64 N. Y. S. 2d 304.)
Proceed accordingly.