Joseph A. Cox, S.
The will of testatrix provides a number of legacies, general and specific, and bequeaths the residuary estate in fractional shares to be held in trust for the benefit of two nephews and a niece. The tenth article of the will directs the executor to pay any inheritance, succession or transfer taxes out of the residuary estate. The net estate before taxes is more than is required to pay the nonresiduary legacies but the residue is not sufficient to meet the tax charge. The normal procedure in such a situation is to apply the full residuary estate to the payment of the tax and to procure the balance required for such purpose by equitable allocation of this additional amount against the legacies and inter vivos gifts which were includible in the estate for tax purposes (Decedent Estate Law, § 124; Matter of Halsted, 174 Misc. 292, affd. 261 App. Div. 892). All but one of the parties in this proceeding are agreeable to such an allocation but the representative of one legatee contends that the bequests to the latter are exonerated from contribution to the tax because of the testamentary language which is appended to such bequests and reads: “ These bequests are made in recognition of his many kindnesses to me since the death of my husband several years ago.” It is asserted that the quoted language is a stipulation that taxes not be apportioned against the immediately preceding bequests. A further argument is made that the bequests under *924 consideration are specific legacies which, for that reason alone, are entitled to preferential treatment in the apportioning of taxes.
Section 124 of the Decedent Estate Law requires that, in the absence of a testamentary direction to the contrary, estate taxes be apportioned among the persons interested in the gross tax estate. The will of this testatrix contains such a contrary direction in providing that taxes be charged against the residuary estate, but the inadequacy of the residuary estate to meet the tax charge has prevented the complete fulfillment of the decedent’s purpose to exonerate the nonresiduary bequests. In order to sustain the argument that the will contains a further stipulation exonerating particular nonresiduary bequests it first must be said that the testatrix envisioned the possibility that the tax clause in her will would be ineffectual, at least to some extent," and that she therefore included an additional reference to taxes in the language relied upon by the legatee who seeks to avoid contribution to the tax. Such an interpretation of the will would be based upon conjecture and not upon the testatrix’ language. Were any assumption to be. indulged in, it would be that the testatrix regarded the tax clause in her will adequate for its intended purpose. If the testamentary expression relied upon by the trustee were to be considered as having any reference to the allocation of the tax burden, it must be regarded only as a most ambiguous allusion and one which falls far short of meeting the requirement that the statutory apportionment of taxes is to be dispensed with only in compliance with a clear and unambiguous testamentary direction (Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012).
There is here no problem as to the abatement of nonresiduary legacies, whether general or specific, inasmuch as the assets needed for the payment of all such legacies are available, but were such a problem existing, any determination as to the priority of payment between legacies would not work a like preferment with respect to tax apportionment or grant an immunity from tax liability to any legatee. A legacy which may be preferred as to payment, either by direction of the testator or by operation of rules of law, does not thereby escape a prorata contribution to the payment of estate taxes (Matter of Halsted, supra; Matter of Blumenthal, 180 Misc. 895, affd. 267 App. Div. 949, affd. 293 N. Y. 707; Matter of Stanfield, 170 Misc. 447, affd. 257 App. Div. 932; Matter of Burr, 72 N. Y. S. 2d 905; Matter of Martin, 176 Misc. 805).
*925 It is held that the legacies bequeathed by the fifth article of the will are not exempted from contribution to the estate tax by reason of either the text of that article or the nature of such legacies.
The petitioner will be authorized to effectuate the tax settlement in the manner stated in the account. The petitioner also will be authorized to abandon the securities listed in the account as worthless.
The fee of the attorneys for the petitioner will be fixed upon the service and filing by them of an affidavit of legal services.
Proceed accordingly.