John D. Bennett, S.
 

 In this accounting by the executrix, the petition requests construction of the will on the question of ademption or abatement of legacies due to the fact that there are insufficient assets in the estate to pay all claims, funeral and administration expenses.
 

 In separate paragraphs the will contains cash bequests as follows: $100 to a sister, $250 to a grandniece, $150 to another grandniece and $100 each to three good friends and neighbors of the testatrix. The will, also in separate paragraphs, bequests 243 shares of Consolidated Edison common stock as follows: 18 shares to a nephew, 100 shares to a niece, 100 shares to another niece and 25 shares to the grandniece to whom is also bequeathed the $250 legacy.
 

 It is further noted that in the case of each bequest, whether of cash or of stock and whether made to relatives or to friends, the contingency of the death of the legatee before the testatrix was contemplated and in each case but one the will provides for payment of the legacy to the issue of the legatee per stirpes. The single exception concerns the $150 bequest to a grandniece but - the legacy to her is alternatively bequeathed to her parents or the survivor of them. There is also a residuary clause in favor of the two nieces and a grandniece.
 

 
 *620
 
 Counsel for the petitioner concedes that the bequests of the Consolidated Edison stock are not specific as defined in EPTL 1-2.16 and the court does now hold that these bequests are “ general ” as defined in EPTL 1-2.8, inasmuch as the testatrix did not describe them as specified shares, by numbers or otherwise, and the will is silent as to any words which might afford a direct clue, such as “ my shares.”
 

 It is alleged affirmatively and not denied, that the testatrix owned 243 shares of the stock at the time she made the will, and that between then and the time she died there was a stock split, so that upon her death she owned 486 shares, but practically no other assets. The petitioner contends that each legatee of stock should be credited on distribution with two shares for every share bequeathed in the will.
 

 There being insufficient other assets and income to meet claims and expenses, 100 shares were liquidated and the proceeds applied by the executrix, along with the income, dividends and other small assets to pay the claims and expenses. The petitioner further contends now that every one of the cash bequests abated completely and the remaining stock should be distributed only to those to whom the stock was bequeathed. This, of course, would be the result if the stock had been specifically bequeathed.
 

 The Temporary State Commission on Law of Estates exhaustively researched the law and analyzed the status of the rules applicable here. Its studies and reports to the Governor and Legislature on these problems are a matter of public record and are contained in the Fifth Report of the Temporary State Commission on Estates (N. Y. Legis. Doc., 1966, No. 19). There is therefore no need here for extensive comment except to note that the court has reviewed that report and the many cases therein mentioned, decided in New York and other jurisdictions. Later cases have also been found and examined. Omitting any reference to cases where the legacy was held to be specific, such as
 
 Matter of Howe
 
 (15 A D 2d 396, affd. 12 N Y 2d 870), the precise question does not seem to have been passed upon by the Court of Appeals.
 

 In
 
 Matter of Fitch
 
 (281 App. Div. 65), the Appellate Division dealt with a parallel situation involving a general legacy of stock where a stock split had been declared between the making of the will and the date of death. The court in that case held that the stock split augmented the shares due to the general legatee, based upon the Surrogate’s evaluation of the testator’s intent, although, as in this case, there were no special words or expressions indicating that intent within the will itself. The
 
 *621
 
 Surrogate’s view was held to be “ not unreasonable ”, and in accord with a Pennsylvania decision cited at page 68 of the opinion.
 

 The Commissioners’ report cited above gave impartial consideration to this problem of ascertaining the intent of a testator and stated (p. 461): “ We are faced with many rules of construction and the courts have attempted to maintain the basic concept of the distinction between a specific legacy and a general legacy. As the cases multiply, so the question of seeking out the intention of the testator becomes more difficult. Where the stock split is concerned, the courts will grasp at any straw to hold the legacy specific. When, however, the true general legacy is found, there is a headon clash between different rules of construction. Thus, the present tendency of holding the legacy specific is opposed to the rule of construction that says general legacies are preferred.”
 

 This court concurs in the opinion expressed by the Commissioners’ report (pp. 46(4-461), that: “ When a testator bequeaths stock (specifically or generally) and owns such shares at the time of execution, more probably than not he is thinking of the stock he owns at that time. Since a stock split reduces the value of the individual shares as well as the interest in the corporation that each represents, the individual shares become materially different from those the testator was thinking of when he executed the will. If the additional shares are not passed to the legatee, there is real danger of frustrating the testator’s intent.”
 

 Accordingly, it is now held and determined that the bequests of stock in this will were general, but that each legatee of stock became entitled to twice the number bequeathed by virtue of the stock split. It is also held, however, that since these stock bequests were general and not specific, they abate in the same proportion, monetarily, as the cash bequests. The stock on hand should therefore be sold or liquidated to meet any unpaid obligations of the estate, including whatever reduced cash bequests are due. The monetary value of the stock on hand may be determined by the sale price and the adjustments made on that basis.