John D. Bennett, S.
On this accounting by the decedent’s widow as administratrix c. t. a., there are several questions propounded for determination, including a construction as to whether a marital trust has priority over other legacies because ■of a shortage of assets, as contended by the widow, and a decision as to the effect of her election to take against the will. A claim is also presented for adjudication but is not considered in this opinion, having been heard but not yet ready for decision. Other issues and objections raised by the respondents will be dealt with herein.
The testator died in 1963 after making a will and codicil in the same year. The only respondents who have filed objections are not related to the decedent. The court appointed a guardian ad litem for an infant legatee whose share is but %%, or $5,000 (whichever is less) of the residuary estate. He does not concuy with the widow on the construction question which will be considered before the other issues.
Both sides urge that the language of the will is clear and supports each of their diametrically opposed interpretations without extraneous evidence. The respondents nevertheless have offered in evidence, over objection, a stipulation of extraneous *751 facts to be considered if the court finds an ambiguity or cannot ascertain the testator’s purpose and intent from within the will itself. The duty of the court therefore is first to analyze the will.
The will consists of 16 separately numbered articles with various subdivisions. After directing payment of debts and funeral expenses the testator acknowledges and confirms that certain property in his residence is that of his wife and he bequeaths certain other tangible property to her on condition that she survives. Then, by article III, he specifically bequeaths certain stock or other interests to one of the respondents, now before the court, as trustee “ under Trust Agreement dated, January 2, 1962.” There is no question raised as to these specific bequests, but it is noted that the will gives no clue to the nature of that trust agreement, identity of the beneficiaries thereunder or as to the decedent’s interest therein. However, the instrument offered in evidence indicates that it was not made by the testator but by one of the respondents as grantor. The testator .and his children are, however, designated therein as possible beneficiaries along with other persons, to the exclusion, however, of the surviving spouse.
Article IV, to be construed, reads in its pertinent parts as follows:
“ All of the rest, residue and remainder of my property * * * remaining in force before the payment of estate, inheritance and like taxes from such residue, or any portion thereof * * * I give, devise and bequeath as follows:
“ (a) To my sister, rose corso, the lesser of Twenty-Five Thousand ($25,000.00) Dollars or two and one-half (2%%) percent of my residuary estate ”.
Then follows other bequests in paragraphs (b) through (f) similar in form but in varying amounts and percentages. Then, added by the codicil, is a new subdivision reading as follows: “ (g) To lillian creighton, I give, devise and bequeath the sum of Fifty Thousand ($50,000.00) Dollars to be her property absolutely.”
There then follows subdivision (h) (as relettered by the codicil) which provides as follows:
“ (g) (now [h]) The balance of my residuary estate, I give, devise and bequeath to my Trustee, hereinafter named upon the trusts herein described. (Emphasis supplied.)
‘ ‘ If my wife, Hilda st. george, is living at the time of my death, I direct them to hold, manage, invest and reinvest the same as two separate trusts, the first to be known as the marital trust and the second to be known as the family trust.
*752 “ The original proceeds of the marital trust shall consist of that fractional share of my residuary estate which will equal the maximum estate tax marital deduction allowable in determining the federal estate tax payable by reason of my death, further diminished by the value of all other property interests included in my gross estate for federal estate tax purposes and which pass or have passed from me to my said wife either under any other provisions of this Will or in any manner outside of this Will in such manner as to qualify for said marital deduction. In making the computation necessary to determine such fractional share of my residuary estate, the final determinations in the federal estate tax proceedings shall control; and such share shall not be reduced by any estate, inheritance, transfer, succession, legacy or similar taxes. Whenever used in this article, the words ‘ marital deduction ’, ‘ pass ’ and ‘ gross estate ’ shall have the same meaning as .said words have under the provisions of the Federal Internal Revenue Code applicable to my estate.
‘ ‘ The .original principal of the Family Trust shall consist of the balance of my residuary estate after establishing said Marital Trust, and after payment of the specific gifts .set forth in Paragraphs (a) through (f) of this Article and after payment of taxes as hereinafter provided in article xrv.” (Emphasis supplied.)
Article IV appears to contain three distinct subdivisions, all presumably residuary in nature: the first subdivision containing a series of bequests, paragraphs (a) through (g); the second subdivision, prefaced as the “ balance of my residuary estate,” containing the marital deduction bequest, and the last subdivision again prefaced as “ the balance of my residuary estate,” containing the Family Trust.
The respondents point to the words ‘ ‘ balance of my residuary estate ’ ’ prefacing both the marital deduction bequest and the Family Trust as successive limitations on the amounts available for each provision and argue that their general legacies, being in point of position in the first subdivision should be the last bequests in the residuary estate to abate. If the construction advanced by the respondents is adopted, it would appear that the Family Trust will abate entirely and the marital deduction trust will necessarily be reduced.
The order of abatement is now guided by statute (EPTL 13-1.3) which took effect after this testator’s death. Presumably, that portion of the statute (subd. [c], par. [5]) which provides that any disposition which qualifies for the estate tax marital deduction (in the absence of any intention to .the contrary) is last to abate, would be controlling here, While por *753 tions of the statute are therefore entirely new, the statute does in large part codify prior case law (summarized in 1931 in Matter of Smallman, 138 Misc. 889).
In Matter of Smallman (supra), a landmark case on the subject of abatement, the late Surrogate Wingate stated (p. 908): “ Turning now to preferences granted by reason of a relationship of dependence of the legatee to the testator, it is familiar law that since the early English case of Lewin v. Lewin (2 Ves. Ch. 415) all common-law jurisdictions have granted preferences to legacies for the support, maintenance or education of natural dependents not otherwise provided for.” (Citing Matter of Neil, 238 N. Y. 138, 140 and other cases.) Judge Wingate accordingly held that the widow was entitled to preference as to an outright legacy as well as to a life interest in a trust fund. Although the Smallman case dealt with provisions for a widow expressly in lieu of dower, placing that case in a different category from the one now under consideration, the conclusion is inescapable that this testator’s will comes within the second and third categories described by Judge Wingate (p. 892): “First. Statutory direction; Second. Expressed intention of the testator; and Third. Presumed intention of the testator based on the usual mental attitude of mankind. ’ ’
That the testator was aware of the possible need for abatement is obvious from the built-in limitation of the pecuniary bequests under paragraphs (a) to (f), to an aggregate sum of $80,000 or 8% (whichever was less) of what the testator called his “residuary” estate. Although concededly the codicil did not limit the new bequest of $50,000 added under paragraph (g), interpolating the same percentage yardstick as the testator did, it is apparent that he considered all these pecuniary “ bounties ” as a relatively small percentage of his residuary estate.
By contrast to the express limitations placed on the relative size of the bequests in paragraphs (a) through (f), the testator describes the incidents of the marital deduction trust with meaningful language at page 4, paragraph (h) of article TV. He directs first that all of net income and, therefore, nothing less than the whole net income, from the trust corpus (to be measured by the tax authorities) be paid or applied “ to the benefit of” his widow. Then he also displays definite tokens of solicitude for his widow’s welfare by providing not only for the use of the income for her support but by also authorizing the trustee to encroach upon the trust corpus for her “proper” maintenance and support, or to maintain her in that1 ‘ standard of living to' which she has become accustomed. ’ ’ Further, inva *754 sion of the corpus is directed by the testator “ to provide, against any emergency. ’ ’
The court, therefore, finds much language in the will indicating an intention by the testator to preserve to the widow sufficient income (and even principal) to maintain her in the standard which he fixed, as that to which she had become .accustomed. This expressed intention, coupled with the presumed intention of the testator based on the usual mental attitude of mankind, is, in the 'opinion of this court, sufficient to imply an intention of the testator to prefer the widow as a beneficiary under his will.
This presumed intention of the testator based on the usual mental attitude of mankind appears to have been first applied in the English Courts of Chancery in 1752 and the principle consistently applied up to the present time. The case which has been frequently cited by the courts of New York State is Lewin v. Lewin (cited in the Smallman case, supra, and reported in 2 Ves. Sen. 415, as well as in vol. 28, Eng. Rep., Full Reprint, p. 265).
The fact that the surviving spouse has concededly received $174,538.23 outside the will as property qualifying for the estate tax marital deduction does not require a determination that although the trust is for her support and maintenance she is “otherwise provided for” and therefore not entitled to the preference mentioned in Matter of Smallman (supra). Clearly, the best judge of whether his spouse was “ otherwise provided for ” was the testator himself. That he was aware she was to receive property outside the will is evident from the wording of the marital deduction bequest which is specifically diminished by property passing either under or outside the will and qualifying for the deduction. Since the amount bequeathed, in effect, is in addition to the other amounts passing to her, it must be presumed that this additional amount too was considered by him as necessary for her support and maintenance and, therefore, must be presumed to have been preferred.
Contrariwise, there is not one word of intention, expressed or implied, to indicate any priority or preference for the legacies preceding the marital deduction bequest unless their physical position as the first residual subdivision and the words “ balance of my residuary estate ” prefacing the marital deduction bequest áre given overriding significance. The sole fact, however, that a bequest is found in a residuary clause has not prevented its preferential treatment. In Matter of O’Brien (170 Misc. 792, 798, affid. 258 App. Div. 1044, affd. 284 N. Y. 604) the learned Surrogate Delehaxty recognized the rule that: “ residuary gifts as a rule are postponed in favor of other dispositions in a will.” *755 For this rule he cited eminent authority and then held, nevertheless, that ‘1 this general rule is subordinated to the primary and overmastering rule in all will constructions that the intent of the testator when ascertained is to govern. A number of decisions have given preferred status to residuary legacies for various reasons. When a reason was fouind to be adequate the fact that the legacy was found in a residuary clause was held not to. be a bar to the preference. While many if not all of these decisions discuss special reasons for the preferred status given in the respective case the principle which underlies all of them is that the intent of the testator is to be given effect. (Citing cases.) ” (Emphasis supplied.)
While the second residual subdivision containing the marital deduction might be considered subordinate in its relationship to the first subdivision, it is apparent that the true residuary is contained within the last subdivision creating the Family Trust. This conclusion finds support in recent cases which have involved estate tax exoneration clauses directing payment from the residuary and the existence of more than one provision allegedly residuary in nature (Matter of Kindermann, 21 N Y 2d 790; Matter of Jaret, 44 Misc 2d 262, affd. 24 A D 2d 479, affd. 17 N Y 2d 450).
The dispositions in the over-all residuary are accordingly directed to abate in the following order: (1) The Family Trust; (2) The legacies in paragraphs (a) through (g) (These legacies should abate pro rata after reducing the bequests in paragraphs (a) through (f) to their percentage amounts of the total or over-all residuary estate); (3) The marital deduction bequest.
This determination as to the preference or priority to be given the marital deduction trust is limited to the trust for the duration of the life of the widow and is not to be construed as a holding that the remainder limited thereon subject to her power of appointment is also entitled to the same treatment. Any determination of whether other beneficiaries are or may be entitled to recoupment from the principal upon her death is postponed until that time (see Matter of Cameron, 278 N. Y. 352, 358, 359).
The court also notes that in reaching this decision it has reviewed the stipulation of facts dealing with extraneous circumstances, but the offer of proof shows no fact which would alter the above determination.
Since the parties in arguing the problem of construction have to some extent covered the question of apportionment of estate taxes, that subject deserves some consideration. Article XIV of the will directs that all estate taxes assessed against both *756 testamentary and non-testamentary property be paid by the trusts under paragraph (g) of article IV. While article XIV refers to both trusts (the Marital Trust and Family Trust) as being burdened with the estate taxes, the language of the marital deduction bequest specifically states that it is not to be reduced by any estate taxes. A subsequent provision then defines the Family Trust as the balance after establishing the Marital Trust, the bequests in paragraphs (a) through (f), “ and after payment of taxes.” Whether the total effect of these provisions be viewed as unclear and ambiguous (see Matter of Pepper, 307 N. Y. 242) or conversely as a direction that the Family Trust is burdened with such taxes, it appears that the Family Trust will abate entirely and, accordingly, the will as a result contains no estate tax exoneration clause (Matter of King, 6 Misc 2d 922; Matter of Falconer, 138 N. Y. S. 2d 666). Accordingly, apportionment of estate taxes pursuant to section 124 of the former Decedent Estate Law (presently EPTL 2-1.8) will be required.
The surviving spouse concedes that, in the event the marital deduction trust is held to be a preferred bequest, her right of election is limited to the withdrawal of the sum of $2,500 from such trust under section 18 of the former Decedent Estate Law. Since the present account as filed is incomplete, a final determination of the full extent of the right of election will await the amendment of the account in accordance with this decision and its supplementation by additional proceedings.
The respondents request that interest on their bequests be allowed at the rate of 3% per annum and the petitioner opposes such relief. Section 17-b of the former Personal Property Law provided that income earned during administration not payable to others or otherwise disposed of should be distributed pro rata among the residuary beneficiaries, including the beneficiaries of any residuary trust. All the bequests in paragraphs (a) through (g) and the marital deduction trust are expressly carved out of the “ residuary estate ” by the testator and to that extent pan be considered residuary in nature. Applying section 17-b of the former Personal Property Law literally, therefore, would in effect require a prorata distribution of income earned during administration. Nothwithstanding present EPTL 11-2.1 (subd. [d], par. [2] subpar. [b]) which somewhat modifies the prior statute as to any .receipts received after its effective date (Sept. 1, 1967), the result suggested above finds support in a case also involving abatement where a similar rule was followed (Matter of Frankenheimer, 195 N. Y. 346; see, also, Matter of Rowland,. 225 App. Div, 118, 127). Accord *757 ingly, income earned during administration is directed to "be shared pro rata by the bequests in paragraphs (a) through (g) and the marital trust.
The respondents have raised further questions regarding the investments by the administratrix c. t. a. and they particularly contend that she be surcharged for a loss sustained as reflected in item 37 of schedule B of the account. Item 37 of schedule B shows a loss of $4,371.25 on the sale of 1,500 shares of capital stock of Signal Finance Corp. (formerly 1,000 shares of Interstate Financial Corp.). It appears from the account that this investment was originally made by the decedent and during the period that it was retained by the administratrix c. t. a. it produced substantial income up to the time it was sold. The objection is that the fiduciary was imprudent in retaining the stock because it was “unlisted” and had been held for an unreasonable length of time. In view of the consistent receipt of income and the express powers and authority under the will granted to the executor and trustees (which inure to successors as well), the court finds no justification for a surcharge in this respect. In addition, the court finds no reason to assess any surcharge because of any of the investments since the will authorized the same and there has been no evidence of negligence or breach of the fiduciary’s duties. Objections 9 and 10 are accordingly dismissed.
The petitioner is directed to bring her account to date and complete the proceeding after disposition of the claim, taking into consideration the findings and determinations above made.