Samuel J. Silverman, S.
Executors ’ accounting proceeding.
Testatrix who executed her will in 1960 while domiciled in New York State died on February 6, 1965, a resident of the Virgin Islands where she had lived for about two months. Her will was admitted to probate in this court. All of her personal property was located in this county. Because of that, and the fact that her domicile in the Virgin Islands was of such short duration, the taxing authorities there rule that her estate was not taxable by the Virgin Islands.
Testatrix created two trusts of 30% each of her residuary estate and a third trust of 40% thereof. The beneficiaries of the first two trusts are infant children of a business associate. As to the third trust, testatrix directed her trustees to organize a charitable membership corporation for the purposes of supporting and promoting the performing arts. Testatrix directed that all estate, inheritance and similar taxes imposed with respect to property passing under or outside her will be paid from her residuary estate.
Estate tax allocation: The executors have charged practically all of the estate taxes against the two trusts for the benefit of the infants. Their guardian ad litem objects to the allocation and contends that 40% of the estate taxes should be charged against the charitable trust. The Attorney-General of the State of New York has appeared for the indefinite charity and concurs in the allocation made by the executors.
The court determines that the executors ’ apportionment of the estate tax is correct for these reasons:
1. Concededly the petitioners’ allocation is correct if New York law is applicable. Under subdivision 3 of section 124 of the Decedent Estate Law (now EPTL 2-1.8, subd. [c], par. [2]) any deduction “ allowed under the law imposing the tax by reason of * * * the charitable purposes of the gift shall inure *472 to the benefit of the person * * * receiving such * * * charitable gift ”.
2. There is no Virgin Island authority — statute or case law
— on the subject.
3. The more common though not universal rule in the absence of statute would require the charity to bear a share of the estate tax. What rule the Virgin Islands courts faced with this situation would adopt seems to me highly speculative.
4. The parties have considered and briefed in full the question whether the issue here involved is one of construction, to be determined in accordance with the law of the testatrix’ domicile at the time of the execution of the will under section 24 of the former Decedent Estate Law and EPTL 3-5.1 (subd. [e]), or one of supervening law presumably to be determined by the law of the testatrix’ domicile at the time of death. I do not think the choice of law rule is quite so rigid, or that domicile at one time or the other is the sole criterion. Whatever predictability and definiteness would be gained by referring the issue to the fact of domicile is lost by the need to determine whether the question is one of construction or one of ¡supervening law.
5. The testatrix’ “domicile” in the Virgin Islands was very brief. Her connections with New York were much greater. She had lived in New York apparently all her life — at least for a long time — until her two-month residence in the Virgin Islands. Her will was drawn here by New York lawyers presumably familiar with the New York rule of apportionment. Her personal property and the executors and most of the residuary beneficiaries are here. The Virgin Islands really has no interest in the matter. If the “center of gravity” or “grouping of contacts” theory of choice of law (see Babcock v. Jackson, 12 N Y 2d 473) has any applicability to the law of estates — and I really do not see why that possibility should be excluded
— this would seem to be a good case to apply it.
6. The New York rule appears to me to be fair and just.
7. Overall this result .seems to me to be most -consistent with “ justice, fairness and 1 the best practical result ’ ”. (Babcock v. Jackson, 12 N Y 2d 473, 481, supra.)
Income tax allocation: The objection to the allocation of a share of fiduciary income tax to the charity is apparently not contested and is sustained.