Decision
Michael A. Telesca, S.
In this proceeding, the executors and trustees are seeldng a construction of the provisions of the will of George C. Miller, deceased, creating a trust for the benefit of his daughter during her lifetime, and resolution of a dispute regarding the disposition of surplus accumulated income.
The testator, George C. Miller, died on March 15, 1970 and was survived by his only child, Aynn V. Schuhart, and two grandchildren, Nancy Lee Rodee and Anne Dashley Schuhart. The will, inter alia, created a residuary trust naming testator’s daughter, Aynn Virginia Schuhart, the life beneficiary of the trust. Paragraph twentieth of the will directs the trustee to pay to the life beneficiary the sum of $300 per month so long as she may live, out of the net income of the trust, and from the principal thereof, if necessary. Upon the death of the life beneficiary, the remainder of the trust fund and any gains and increases thereof are to be paid over to the testator’s two grandchildren.
The accounting of the trustees indicates that the current principal balance on hand in the trust is $219,506.02 and that the current income balance on hand is $23,013.20. The trust corpus, clearly, is earning annually a sum far in excess of the amount necessary to pay to the life beneficiary the sum of $300 a month.
The question, then, is what disposition, if any, should be made of the accumulated surplus income and any future *918 excess income. Two possible resolutions of this problem have been suggested: (1) the accumulated surplus income and any future excess income must be accumulated and paid over to the remaindermen upon the death of the life beneficiary; and (2) the accumulated surplus income and future excess income must be paid over immediately to the remaindermen.
EPTL 9-2.3 provides that "when income is not disposed of and no valid direction is given for its accumulation it passes to the persons presumptively entitled to the next eventual estate”. Thus, unless there can be found in the will a valid direction for the accumulation of the excess income, the accumulated surplus income must be distributed to the next eventual estate, namely, the remaindermen.
The trustees contend that a valid direction to accumulate can be found in paragraph twentieth of the will, which states, in part: "Upon the death of my said daughter, I direct that my said trustees pay and deliver the remainder of the said trust fund, and any gains and increases, or the part thereof then remaining, unto my said grandchildren then living or to the survivor of them, in equal parts, share and share alike” (emphasis added). It is the words "and any gains and increases” which the trustees contend constitute a valid direction to accumulate. This contention, however, is without merit, for it completely disregards the fact that the technical words "gains and increases”, when applied to the corpus of a trust, are commonly accepted as meaning capital gains or capital appreciation.
The guardian ad litem, on the other hand, contends that while the will does not expressly provide for the treatment of excess accumulated income, the intention of the testator as manifested from a reading of the will as a whole is to the effect that excess income is to be accumulated. In all will construction proceedings, the prime consideration is the intention of the testator as expressed in the will. (Matter of Dammann, 12 NY2d 500; Matter of Larkin, 9 NY2d 88; Matter of Cooper, 76 Misc 2d 166.) The intent of the testator "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed”. (Matter of Fabbri, 2 NY2d 236, 240; see also, Matter of Kosek, 31 NY2d 475; Matter of Flyer, 23 NY2d 579.) A reading of the will as an entirety gives no guidance whatsoever in determining the testator’s intention with re *919 gard to the treatment of excess income. Certainly not apparent is an implied direction to accumulate. Matter of Volckening (70 Misc 2d 129) cited by the guardian ad litem, is distinguishable. There the court stated that the creation of a discretionary trust (which clearly is not present here) impliedly directs that income reasonably withheld be accumulated.
There being no valid direction to accumulate, EPTL 9-2.3 applies, and the accumulated excess income passes to the next eventual estate. (Matter of Pomeroy, 74 Misc 2d 953; Matter of Volckening, supra; Matter of Spenadel, 11 Misc 2d 977.)
That the next eventual estate is the remaindermen, testator’s two granddaughters, is undisputed (see St. John v Andrews Institute for Girls, 191 NY 254; Matter of Anderson, 35 Misc 2d 676; Matter of Mitchell, 30 Misc 2d 781). The excess income is presently payable to the granddaughters and is so payable as it accrues, despite the fact that subsequent events may cause the income to be paid to additional grandchildren. (Matter of Crossman, 113 NY 503; Matter of Volckening, supra; Matter of Shupak, 158 Misc 873.)
The trustees, accordingly, are directed to distribute to the testator’s granddaughters the surplus accumulated income and all excess income as it accrues.